DECISION *Page 2 
{¶ 1} Defendant-appellant David Kieser appeals his conviction for driving with a prohibited breath-alcohol concentration. We affirm.
 {¶ 2} In January 2006, Kieser was driving on Interstate 71 when he was stopped for speeding. On approaching the vehicle and talking to Kieser, the arresting officer, Charles Beebe, smelled alcohol and noticed that Kieser's eyes were bloodshot and watery. Beebe checked information given by Kieser on his cruiser's computer and returned to investigate further. Kieser was asked to step out of the vehicle, and after exiting, when he was asked how much alcohol he had consumed that night, he answered, "[A]bout a beer * * * I drank a beer or two."
 {¶ 3} A brief horizontal gaze nystagmus ("HGN") test was given, and then Beebe directed Kieser to "have a seat in the back of [his] car for a second." Kieser complied. While Kieser was in the rear seat of the cruiser, Beebe asked him to submit to a breathalyzer test. Kieser again complied. The breath test revealed that Kieser "had quite a bit to drink," and Beebe told him that more tests were necessary. Beebe then removed Kieser from the car and conducted four more field-sobriety tests. After the tests, Beebe concluded that Kieser had been driving under the influence, and Kieser was arrested.
 {¶ 4} At the police station, an officer requested that Kieser submit to a breath test and advised him of the consequences of refusing to submit. Kieser submitted, and the results revealed that he had a concentration of .155 grams per 210 liters of his breath. He was charged with two counts of operating under the influence and speeding. Kieser moved to suppress the results of the stationhouse breath test, *Page 3 
and after a hearing the court denied the motion. Kieser then entered a no-contest plea to driving with a prohibited level of alcohol in his breath,[1] and the court convicted him of that offense. This appeal followed. Proceedings on the remaining two charges have been stayed pending the outcome of this appeal.
 {¶ 5} In three assignments of error, Kieser challenges the trial court decisions (1) determining that the arresting officer had probable cause to arrest Kieser; (2) denying Kieser's suppression motion when the city had failed to demonstrate that it had substantially complied with Ohio Department of Health regulations; and (3) admitting into evidence certified copies of a batch and bottle certificate containing testimonial hearsay. Kieser's assignments of error are unavailing and we affirm.
 I. Probable Cause to Arrest {¶ 6} In Kieser's first assignment of error, he argues that at the time he was confined in the rear of the police cruiser, he had been unconstitutionally seized in violation of the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution, because there was no probable cause to arrest.[2]
 {¶ 7} A traffic stop is reasonable for Fourth Amendment purposes if the police officer has "probable cause to believe that a driver is violating any one of the multitude of applicable traffic and equipment regulations."[3] Under this standard, the initial stop in this case was clearly constitutional because Kieser was speeding; and the parties have so stipulated. The issue is whether Kieser was under arrest after *Page 4 
the initial and truncated HGN test when Beebe placed Kieser in the rear seat of the cruiser. We think not.
 {¶ 8} Under Ohio law, an arrest occurs when there is (1) an intent to arrest, (2) under a real or pretended authority, (3) accompanied by actual or constructive seizure or detention of the person, (4) that is so understood by the person arrested.[4] The determination of when an investigative detention becomes an arrest requires that a court use common sense and ordinary human experience as guidelines.[5] Kieser contends that the arrest occurred when Beebe initially placed him in the rear seat of the cruiser — before the full-blown field-sobriety tests were administered — and that the arrest was not supported by probable cause. But we are convinced that Beebe then lacked at minimum the intent to arrest Kieser.
 {¶ 9} The facts indicate that, on approaching Kieser's vehicle, Beebe smelled alcohol coming from the car, and that Kieser's eyes were bloodshot and watery. Beebe asked Kieser to step out of the vehicle, and Kieser admitted that he had been drinking. After giving a brief HGN test, Beebe decided that further investigation would be required. The stop occurred well after midnight on a cold January evening. The in-cruiser camera clearly showed Kieser shivering from the frigid air after only minutes of exposure. Beebe placed Kieser in his cruiser, out of the elements, for under 12 minutes. During those 12 minutes, Kieser consented to a breathalyzer test, the results of which provided further suspicion that Kieser was under the influence. Once the breathalyzer results were known, Beebe decided that it was necessary to administer a broader range of field-sobriety tests. The tests were *Page 5 
conducted, and Kieser failed them. At the suppression hearing, when the arresting officer was asked if Kieser was free to leave once he was in the back seat of the cruiser, Beebe responded, "[B]efore I let him leave I was making sure [that] he was capable of driving."
 {¶ 10} We hold under the totality of the circumstances that the brief investigative detention was reasonable and did not constitute an arrest because Beebe only intended to determine Kieser's ability to drive home and did not intend to arrest him. Beebe had a reasonable suspicion that Kieser was intoxicated, and that suspicion sufficiently justified the supplemental investigation. On further investigation, Beebe's suspicion appropriately developed into probable cause to arrest. Kieser's first assignment of error is overruled.
 II. Substantial Compliance {¶ 11} Kieser also argues that the trial court erroneously denied his motion to suppress because the city had failed to show substantial compliance with Ohio Department of Health regulations. Specifically, he argues that the city failed to demonstrate that (1) the operation manual for the stationhouse breathalyzer was maintained on file in the area where the breath test was performed; (2) the calibration solution used to check the instrument was used "not more than three months after its date of first use or after the manufacturer's expiration date, whichever [came] first"; (3) the results of breath tests, instrument checks, calibration checks, and records of service and repairs had been maintained for not less than three years for the breath-testing instrument, as required under Ohio Adm. Code 3701-53-01(A) and3701-53-04(E); and (4) the breathalyzer was properly tested in *Page 6 
accordance with the mandatory instrument-check requirements established by the Ohio Department of Health.
 {¶ 12} Our review of the court's denial of the suppression motion presents a mixed question of fact and law.[6] We must accept the trial court's findings of fact if they are supported by competent and credible evidence.[7] But our review of whether the trial court properly applied the law to those facts is de novo.[8] As in Norwood v.Kahn,[9] Kieser's suppression motion cited a litany of ways the city had potentially failed to comply with administrative regulations that governed field-sobriety tests and breath-alcohol tests; but the suppression motion lacked any factual support for those assertions. And the city provided evidence at the suppression hearing that it had substantially complied with all Department of Health regulations. This case is on all fours with our holding in Norwood v. Kahn, and on its authority Kieser's second assignment of error is overruled.[10]
 III. Testimonial Hearsay at the Suppression Motion {¶ 13} Kieser's final assignment of error charges that the trial court erred in admitting certified copies of a batch and bottle certificate containing testimonial hearsay, thereby violating his right to confrontation under the Sixth Amendment to the United States Constitution. In State v. Shisler[11] and again in State v.Wilson,[12] we specifically rejected this argument, correctly holding that a certification is *Page 7 
nontestimonial within the meaning of Crawford v. Washington.[13] We are not inclined to revisit the issue here.
 {¶ 14} Kieser's three assignments of error have no merit, and, accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
SUNDERMANN and HENDON, JJ., concur.
[1] R.C. 4511.19(A)(1)(d).
[2] Delaware v. Prouse (1979), 440 U.S. 648, 99 S.Ct. 1391; State v.Leonard, 1st Dist. No. C-060595, 2007-Ohio-3312, ¶8.
[3] Whren v. United States (1996), 517 U.S. 806, 116 S.Ct. 1769, citing Prouse, supra, at 661.
[4] See State v. Darrah (1980), 64 Ohio St.2d 22, 26, 412 N.E.2d 1328;Cincinnati v. Blair, 1st Dist. Nos. C-060045 and C-060046, 2006-Ohio-6619, ¶ 10.
[5] See Blair, supra, ¶ 11, citing United States v. Sharpe (1985),470 U.S. 675, 105 S.Ct. 1568.
[6] See State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372,797 N.E.2d 71, ¶ 8; Norwood v. Kahn, 1st Dist. Nos. C-060497, C-060498, and C-060499, 2007-Ohio-2799.
[7] Id.
[8] Id.
[9] See Norwood v. Kahn, supra, 2007-Ohio-2799, fn. 5.
[10] See, also, State v. Embry, 12th Dist. No. CA2003-11-110, 2004-Ohio-6324; State v. Nicholson, 12th
Dist. No. CA2003-10-106, 2004-Ohio-6666.
[11] 1st Dist. Nos. C-050860 and C-050861,2006-Ohio-5265, ¶ 15.
[12] 1st Dist. No. C-060363, 2007-Ohio-1174, ¶¶ 27-28.
[13] (2004), 541 U.S. 36, 124 S.Ct. 1354. *Page 1