[Cite as *State v. Jones*, 2014-Ohio-1201.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :        APPEAL NO. C-130069
                                           TRIAL NO. B-1101166
    Plaintiff-Appellee,      :

 vs.                              :        *O P I N I O N.*

DONTE JONES,                      :

    Defendant-Appellant.     :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  March 26, 2014


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Gregory A. Cohen*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}    This is an appeal from a criminal conviction following the denial of a motion to suppress.  Donte Jones was stopped by the police for a license plate violation after the police received a tip from a confidential informant that he had illegal firearms in his car.  Once Mr. Jones was removed from the car, one of the officers saw through the open car door that the floor mat was askew and appeared to have something concealed underneath it.  The officer lifted the mat and found drugs.  Mr. Jones contends that this search violated his Fourth Amendment rights.  We disagree.  Out of a concern for officer safety, a limited protective search of the automobile was permissible.  Therefore, we affirm the judgment below.

I.

{¶2}    The events leading up to the search unfolded as follows.  Police were dispatched to an address on Republic Street based on information that a vehicle at that location contained firearms.  The information was supplied by a confidential police informant, who also gave a description of the car and its license plate number.  Although Mr. Jones characterizes the gun tip as anonymous, the record indicates that at least one of the officers recognized the tipster's name, knew him to be an informant for another officer, and had received reliable information from him on at least two prior occasions.

{¶3}    Just minutes after receiving the dispatch, the officers spotted a car matching the description and license plate provided by the informant proceeding southbound on Republic, half a block from the reported address.  In separate cruisers, the officers followed the car down Republic and onto East Liberty Street.

2

{¶4} The officer directly behind the car noted that the rear license plate light was out and initiated a traffic stop. Concerned that the car's occupants might be armed based on the tip, the officers approached the car with their guns drawn and ordered the occupants to keep their hands in the air. The officers saw Mr. Jones lower his right hand quickly, and ordered him to keep his hands visible. He dropped his right hand again. At this point, the officers ordered the occupants out of the car, patted them down, handcuffed them, and detained them in the back of the separate police cruisers. One of the officers then returned to the driver's side of the car. With the car door still open, the officer could see that the floor mat was askew and appeared to have a bulge under it. She lifted the mat and discovered a small bag of cocaine.

{¶5} Mr. Jones filed a motion to suppress the drug evidence on the basis that the automobile search violated his Fourth Amendment rights, and the trial court held a hearing on the motion. Although the trial court stated at the hearing that the occupants had not been arrested prior to the search, the court in its written opinion analyzed the search as a "search incident to arrest" under the United States Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). In *Gant*, the court held that police may search a vehicle incident to arrest "only if the arrestee is within reaching distance of the passenger compartment at the time of search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 351. The trial court found that the search was permissible under the second clause, concluding that, based on the informant's tip, it was reasonable to believe that firearms would be found in the car. On this basis, the court denied the motion to suppress.

{¶6} Mr. Jones filed a motion for reconsideration in the trial court, arguing that the search-incident-to-arrest rule was inapplicable because at the time of the search, the only crime Mr. Jones had purportedly committed was the plate-light violation. In its entry overruling the motion for reconsideration, the trial court held this time that the search was permissible under the automobile exception to the warrant requirement. *See United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Under the automobile exception, police officers may conduct a warrantless search of a lawfully-stopped automobile if they have probable cause to believe that the vehicle contains contraband. *Id.* at 799, citing *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

{¶7} Following the denial of his motion to suppress and motion for reconsideration, Mr. Jones pleaded no contest to and was convicted of possession of and trafficking in cocaine. On appeal, Mr. Jones contends that the search was illegal and, therefore, the trial court erred by overruling his motion to suppress. Appellate review of a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We defer to the trial court's factual findings if they are supported by competent and credible evidence, but we review de novo the trial court's application of the law to those facts. *Id.* Thus, the questions of reasonable suspicion and probable cause to conduct a warrantless search are reviewed de novo on appeal. *Ornelas v. United States*, 517 U.S. 690, 698, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996).

{¶8} We conclude that *Gant* does not apply because there had been no arrest at the time of the search, and *Ross* does not provide a basis for the search because the officers lacked probable cause. We find, however, that a limited protective search was justified for reasons of officer safety.

4

II.

{¶9}   The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.  *Accord* Ohio Constitution, Article I, Section 14. Unless one of a few well-delineated exceptions applies, warrantless searches are per se unreasonable.  *See Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

A.

{¶10}   ***Search Incident to Arrest.***   One such exception permits warrantless searches conducted pursuant to a recent arrest.  In *Gant*, 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485, the Supreme Court explicitly prescribed rules for the search of an automobile incident to a recent occupant's arrest.  The key to the limitation on warrantless automobile searches imposed by *Gant* was that after a suspect has been arrested and placed inside a police cruiser, the risk of the suspect accessing his vehicle is practically eliminated, and the concerns about officer safety and preservation of evidence usually justifying a vehicle search incident to arrest are no longer present.  *Id.* at 339, 343.  Thus, where an arrestee has been secured in the police cruiser and is, therefore, no longer "within reaching distance" of the car, *Gant* permits a search only where it is reasonable to believe the car contains "evidence of the offense of arrest."  *Id.* at 351.

{¶11}   Before we analyze the search under the framework in *Gant*, we must consider whether an arrest took place.  "Under Ohio law, an arrest occurs when there is (1) an intent to arrest, (2) under a real or pretended authority, (3) accompanied by actual or constructive seizure or detention of the person, (4) that is so understood by the person arrested."  *City of Cincinnati v. Kieser*, 1st Dist. Hamilton No. C-060773, 2007-Ohio-4467, ¶ 8, citing *State v. Darrah*, 64 Ohio St.2d 22, 26, 412 N.E.2d 1328

(1980). Furthermore, an arrest "signifies the * * * the restraint of a person's freedom in contemplation of the formal charging with a crime." *Darrah* at 26. In evaluating whether Mr. Jones was arrested, we are reminded that "[t]he touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.' " *State v. Evans*, 67 Ohio St.3d 405, 409, 618 N.E.2d 162 (1993), quoting *Terry v. Ohio*, 392 U.S. 1, 19, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

{¶12} We do not think the detention of Mr. Jones prior to the automobile search amounted to an arrest. The Fourth Amendment permits officers to perform an investigative "*Terry* stop" if they have a reasonable and fact-based suspicion that criminal activity is afoot. *Terry* at 21-22, 30. Here, the officers testified that they detained Mr. Jones and his companion to investigate their suspicion that the car contained firearms, expressly referring to the occupants as "detainees." At the time of his detention, the officers did not contemplate charging Mr. Jones with any crime, other than perhaps the plate-light violation. Thus, the officers clearly did not intend to arrest Mr. Jones.

{¶13} Nor can we say that the use of force during the brief detention exceeded the bounds of *Terry* and transformed the stop into an arrest. Investigatory situations involving suspects who may be armed are especially perilous for police officers. Here, the officers conducted a roadside stop late at night in a high-crime area. Suspecting there were guns in the car based on the tip and Mr. Jones's refusal to keep his hands visible, the officers were warranted in approaching the car with their guns drawn, ordering the occupants out of the car, and conducting a pat-down search for weapons.

{¶14}    Moreover, the use of handcuffs does not, by itself, convert a *Terry* stop into an arrest.  *See, e.g., State v. Jones*, 1st Dist. Hamilton No. C-990125, 1999 Ohio App. LEXIS 5790, *10-11 (Dec. 3, 1999); *State v. Parsley*, 10th Dist. Franklin No. 09AP-612, 2010-Ohio-1689, ¶ 62; *State v. Carter*, 2d Dist. Montgomery No. 21999, 2008-Ohio-2588, ¶ 24; *State v. Pickett*, 8th Dist. Cuyahoga No. 76295, 2000 Ohio App. LEXIS 3484, *13-14 (Aug. 3, 2000).  Although "*Terry* cannot be read as a license for the police to stop and handcuff every person they may reasonably suspect of criminal activity," *Terry* does permit the use of handcuffs if such use is reasonably warranted by concerns for officer safety.  *Jones* at *10-11.  We think the safety concerns present in this case called for such precautionary measures.  The officers had a reasonable basis for believing that the car's occupants were armed and dangerous.  Accordingly, the officers had good reason to use handcuffs to "maintain the status quo and prevent flight."  *State v. Payne*, 2d Dist. Montgomery No. 13898, 1994 Ohio App. LEXIS 1925, *10 (May 4, 1994).  And, having a valid reason to detain the car's occupants, the officers had a legitimate interest in removing the detainees from the roadway during the investigation to prevent injury or accident, as well as "in guarding against an ambush from the rear."  *Evans*, 67 Ohio St.3d at 410, 618 N.E.2d 162.

{¶15}    Thus, the exception in *Gant* permitting officers to search a vehicle for "evidence of the offense of arrest" is irrelevant here—because no arrest had been made at the time of the search.  *Gant*, 556 U.S. at 351, 129 S.Ct. 1710, 173 L.Ed.2d 485.  Rather, the officers had temporarily placed Mr. Jones and his companion in separate police cruisers to ensure the scene was secure and they were protected as they proceeded with their investigation.  At the time Mr. Jones was placed in the cruiser, the only crime he was known to have committed was the minor license-plate violation.  And had other

evidence of criminal conduct not turned up, Mr. Jones would have been returned to his vehicle following the traffic stop. Therefore, the search-incident-to-arrest exception to the warrant requirement does not provide a basis for the search, and *Gant* is not applicable.

B.

{¶16} ***Automobile Exception.*** In its decision denying Mr. Jones's motion for reconsideration, the trial court held that the police were justified in searching the automobile because they had probable cause to believe that evidence of criminal activity was contained within. *See Ross*, 456 U.S. at 799, 102 S.Ct. 2157, 72 L.Ed.2d 572. Probable cause to search exists where "known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas*, 517 U.S. at 696, 116 S.Ct. 1657, 134 L.Ed.2d 911. Mr. Jones contends that the automobile search was not based on probable cause. We agree.

{¶17} At the time they initiated the traffic stop, the only information available to the officers was the informant's report that the vehicle's occupants were armed. An informant tip may—but will not always—provide a basis for reasonable suspicion if that tip possesses sufficient indicia of reliability. *State v. Hansard*, 4th Dist. Scioto No. 07CA3177, 2008-Ohio-3349; ¶ 20-23; *City of Maumee v. Weisner*, 87 Ohio St.3d 295, 299-300, 720 N.E.2d 507 (1999). In this case, the tip from a known informant, where that informant was known to have provided reliable information in the past, supplied a sufficient basis for the officers' suspicion that the car contained firearms. But we do not think the addition of Mr. Jones's furtive hand movements elevated that suspicion to probable cause. *See, e.g., United States v. Graham*, 483 F.3d 431, 441 (6th Cir.2007) (a tip combined with the suspect's furtive

8

movements amounted only to reasonable suspicion); *State v. Gardner*, 2d Dist. Montgomery No. 25312, 2013-Ohio-2015, ¶ 9, 13-15. Therefore, we find that the automobile exception did not provide a basis to conduct a warrantless search of Mr. Jones's automobile.

C.

{¶18} ***Protective Search.*** Although not the basis of the trial court's decision, the state argued that the search was permissible under an alternate theory that safety concerns necessitated a limited search for weapons. In *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983), the Supreme Court recognized an exception to the warrant requirement permitting a limited protective search of an automobile during a traffic stop. Under *Long*, a "search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief * * * that the suspect is dangerous and the suspect may gain immediate control of weapons." *Id.* at 1049.

{¶19} Following *Long*, we have held that, where there has been no arrest and the suspect will be permitted to return to his vehicle once the investigation is complete, "an officer acts reasonably when, out of a concern for his safety, the vehicle is searched for weapons prior to allowing its occupants to reenter." *State v. Smith*, 1st Dist. Hamilton No. C-110727, 2013-Ohio-2208, ¶ 16-17; *see State v. Caulton*, 1st Dist. Hamilton No. C-080034, 2008-Ohio-6090, ¶ 10 ("even where a suspect is out of his car, a *Terry* search may extend to areas in the car that would be readily accessible to a suspect upon his return to the car"); *State v. Walker*, 2d Dist. Montgomery No. 24542, 2012-Ohio-847, ¶ 28, 31; *State v. Morlock*, 3d Dist. Allen No. 1-12-21, 2013-Ohio-641, ¶ 14; *State v. Wade*, 9th Dist. Summit No. 26275, 2012-Ohio-4255, ¶ 20;

*State v. Broughton*, 10th Dist. Franklin No. 11AP-620, 2012-Ohio-2526, ¶ 24. Therefore, we must consider whether *Long* authorized a protective sweep of the passenger compartment prior to permitting Mr. Jones's return to the car. Reasonable suspicion has been described as a " 'particularized and objective basis' for suspecting the person stopped of criminal activity." *Ornelas*, 517 U.S. at 696, 116 S.Ct. 1657, 134 L.Ed.2d 911. We evaluate the existence of a reasonable suspicion that the suspect was dangerous and that a weapon was present under the totality of the circumstances. *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph two of the syllabus.

{¶20} Officer safety was a paramount concern in this case. The informant's tip seemed credible based on the officer's knowledge that the informant had provided reliable information in the past and the fact that the officer located the car near the address indicated by the informant. Having received reliable information that the vehicle may contain firearms, the officers ordered the occupants to keep their hands visible as they approached. In defiance of their orders, Mr. Jones lowered his hand two times, appearing to reach for or secret an item. When they returned to the car after securing the occupants, they could see that the floor mat was askew and something appeared to be concealed underneath it. Under these circumstances, the officers possessed a reasonable and articulable belief that Mr. Jones was dangerous and that weapons were present in the car. Moreover, had weapons been present in the car, Mr. Jones would have gained immediate access to them upon the conclusion of the traffic stop. Reasonableness being the touchstone of the Fourth Amendment, we think any reasonable officer viewing the floor mat through the open door under these circumstances would have lifted the mat to ensure that no weapons were hidden underneath. Accordingly, we find that the officers possessed a reasonable basis to

search the passenger compartment of Mr. Jones's car to determine whether weapons were present.

III.

{¶21}   We conclude that the officers were authorized to conduct a limited protective search of the vehicle for their safety.   Therefore, we overrule the sole assignment of error and affirm the judgment below.

Judgment affirmed.

**CUNNINGHAM, P.J.,** and **HILDEBRANDT, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.