[Cite as *State v. Wilson*, **2018-Ohio-2377**.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170408 |
| | | TRIAL NO. B-1607098B |
| Plaintiff-Appellant, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| SENECA WILSON, | : | |
| Defendant-Appellee. | : | |


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  June 20, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellee.

**MYERS, Judge.**

{¶1}    The state of Ohio has appealed from the trial court's entry granting defendant-appellee Seneca Wilson's motion to suppress.  We hold that the trial court erred in granting the suppression motion, and accordingly reverse its decision.

*Factual Background*

{¶2}    Wilson was arrested after police discovered a marijuana cigarette, a digital scale, and a bag of marijuana in his vehicle.  The grand jury returned an indictment charging Wilson with two counts of trafficking in marijuana and one count of possession of marijuana.

{¶3}    Wilson filed a motion to suppress all evidence that the state sought to introduce.  At the suppression hearing, Cincinnati Police Officer Andrew Fusselman testified that he was investigating a potential drug transaction between two individuals, when Wilson approached him and asked what the police were doing.  Officer Fusselman immediately noticed a strong odor of burnt marijuana on Wilson's person.  When asked why he smelled of marijuana, Wilson stated that there was a joint in his car, which was parked nearby.  Officer Fusselman's partner saw a marijuana cigarette in the center console cup holder of Wilson's vehicle.

{¶4}    Officer Fusselman asked Wilson if the officers would find anything else in the vehicle, and Wilson stated that the car also contained a bag of marijuana.  Wilson unlocked his vehicle for the officers to search.  The marijuana cigarette, a digital scale, and a plastic bag containing marijuana were found in the car.  Officer Fusselman then searched Wilson's person, but nothing was recovered.  Officer Fusselman testified that, following the personal search, he was informed by another

officer that shortly before Wilson's interaction with Officer Fusselman, the officer had conducted a pat-down search of Wilson. During that pat-down, the officer had found, but had not confiscated, a large amount of cash on Wilson. That officer had permitted Wilson to leave the scene of the investigation, and witnessed Wilson walk down the street and speak with another individual.

{¶5}   After receiving this information, Officer Fusselman walked down the street and spoke to the individual identified by his fellow officer. When asked by Officer Fusselman what Wilson had given to him, the individual stated that Wilson had given him money. He gave that money, approximately $2,700, to Officer Fusselman.

{¶6}   The trial court granted Wilson's motion to suppress. It's entry included the following findings:

> The Court finds that one of the officers frisked the Defendant and found nothing on him. This was a valid *Terry* stop at that point. They detained him for approximately 15 more minutes. This was illegal because nothing was found on the *Terry* pat-down (frisk). The Court finds that one of the officers then saw something in Defendant's car, which appeared to be, according to the officer, a marijuana cigarette.
>
> The statements, the evidence, including marijuana found in the car and the scale found in the car, are the result of an illegal search due to the illegal detention.
>
> The money was seized also as a result of an illegal search of a third party because it was based on a statement made by the

Defendant to the officers while he was being detained but before he was given a Miranda warning.

Although the marijuana cigarette was in plain view of one of the officers, the car was not unlocked initially. So a search warrant was necessary to search the vehicle at that point. The officer testified that the car was unlocked by the Defendant, but, according to his testimony, there is no mention that he asked the Defendant for consent to search the vehicle.

{¶7} The state argues in a single assignment of error that the trial court erred in granting Wilson's motion to suppress. Our review of the trial court's ruling on a suppression motion involves a mixed question of law and fact. We must accept the trial court's findings of fact if they are supported by competent and credible evidence, but we review de novo the trial court's application of the law to the relevant facts. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We will not defer to the trial court's factual findings where those findings are "clearly erroneous." *State v. Ward*, 1st Dist. Hamilton No. C-160560, 2017-Ohio-8141, ¶ 22.

### Erroneous Finding of Fact

{¶8} The trial court found that Wilson had initially been subjected to a lawful *Terry* stop, but had then been illegally detained for approximately 15 minutes after no contraband had been found during the *Terry* stop. The trial court's subsequent legal conclusions were based on its determination that Wilson had been illegally detained.

{¶9} This factual finding by the trial court was clearly erroneous. *See Ward* at ¶ 22. Officer Fusselman testified that he had been informed by a fellow officer that

a pat-down search had been conducted on Wilson, and that Wilson had been released following the pat-down. The record unequivocally indicates that Wilson then physically left the scene of the investigation and walked farther down the street. After speaking to a third party, Wilson then voluntarily returned to the scene of the investigation and initiated a conversation with Officer Fusselman. The record is devoid of support for the trial court's finding that Wilson had been detained for 15 minutes following the initial *Terry* stop.

### *Search of the Automobile*

{¶10} Unreasonable searches and seizures are prohibited by the Fourth Amendment to the United States Constitution. Accord Ohio Constitution, Article 1, Section 14. Unless a recognized exception applies, warrantless searches are per se unreasonable. *See Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Under the automobile exception to the warrant requirement, officers are permitted to "conduct a warrantless search of a lawfully stopped automobile if they have probable cause to believe that the vehicle contains contraband." *State v. Jones*, 1st Dist. Hamilton No. C-130069, 2014-Ohio-1201, ¶ 6, citing *United States v. Ross*, 456 U.S. 798, 799, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

{¶11} Here, the trial court specifically found that a marijuana cigarette in the center console of Wilson's vehicle had been in the plain view of one of the officers. The observation of the marijuana cigarette provided probable cause for the officers to believe that the vehicle contained contraband and to conduct a warrantless search under the automobile exception to the warrant requirement. *See State v. Hamilton*, 1st Dist. Hamilton Nos. C-160247 and C-160248, 2017-Ohio-8140, ¶ 16 (officers were justified in searching a vehicle after they saw marijuana inside the vehicle); *Ward*,

1st Dist. Hamilton No. C-160560, 2017-Ohio-8141, at ¶ 18 (recognizing that officers have probable cause to search an automobile where they observe contraband in plain view while conversing with the vehicle's occupants).

{¶12} In addition to the automobile exception, the warrantless search of Wilson's vehicle was also supported by the plain-view exception to the warrant requirement. The warrantless seizure of an object in the plain view of an officer will not violate the Fourth Amendment where "(1) the officer did not violate the Fourth Amendment in arriving at the place from which the object could be plainly viewed, (2) the discovery of the evidence was inadvertent, and (3) its incriminating nature was immediately apparent." *State v. Mitchem*, 1st Dist. Hamilton No. C-130351, 2014-Ohio-2366, ¶ 10. Here, officers were lawfully investigating a drug transaction that occurred in close proximity to Wilson's vehicle; their discovery of the marijuana cigarette was inadvertent and occurred as they were investigating the separate drug transaction; and the incriminating nature of the marijuana cigarette was immediately apparent, as it was in the plain view of one of the officers. Consequently, the warrantless search of Wilson's vehicle was not in violation of the Fourth Amendment.

{¶13} Once the officers viewed the marijuana cigarette inside the vehicle, they were justified in searching it. That the vehicle's doors were locked is irrelevant, and the trial court's conclusion that the locked doors required the officers to obtain a warrant was in error. The trial court's determination that Wilson's consent was necessary before the vehicle could be searched was also erroneous. The officers had probable cause to conduct a warrantless search of the vehicle under both the

automobile and plain-view exceptions to the warrant requirement, and they did not additionally need Wilson's consent prior to executing the search.

### *Suppression of Money*

{¶14}  The trial court suppressed the money that Wilson had given to a third party, stating in its entry that "[t]he money was seized also as a result of an illegal search of a third party because it was based on a statement made by the Defendant to the officers while he was being detained but before he was given a Miranda warning."

{¶15} Officer Fusselman did not speak with Wilson about the individual down the street until after he had learned of Wilson's interaction with that individual from a fellow officer.  Because Officer Fusselman had an independent source that led him to discover the money from the third party, the money was not excludable as fruit of the poisonous tree, as the trial court had determined.  *See State v. Carter*, 69 Ohio St.3d 57, 67, 630 N.E.2d 355 (1994) (the exclusionary rule is inapplicable where the police have an independent source for discovery of the evidence).

### *Conclusion*

{¶16} The trial court erred in suppressing evidence found during the warrantless search of Wilson's automobile because the search was valid under both the automobile and plain view-exceptions to the warrant requirement.  It additionally erred in suppressing the money that Wilson had handed off after leaving the scene of the investigation because the money was obtained based on information received from an independent source.  Consequently, the state's assignment of error is sustained.

{¶17} The trial court's judgment granting Wilson's motion to suppress is reversed, and this cause is remanded for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**CUNNINGHAM, P.J.,** and **MILLER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.