OPINION
{¶ 1} Defendant-appellant, Michael T. Underwood, appeals the denial of his motion to suppress evidence by the Butler County Court of Common Pleas. We affirm the judgment for the reasons outlined below.
 {¶ 2} Appellant was inside a house in Butler County in May 2002 when police arrived to execute a search warrant at the residence. Appellant did not own the house, nor did he live there. The police checked the registration on a vehicle parked in the driveway and discovered that it belonged to appellant. One of the officers executing the warrant testified that he was familiar with appellant because the owner of the residence had indicated months earlier that appellant supplied the homeowner with drugs.
 {¶ 3} A police canine trained in drug detection was on the scene for execution of the search warrant. The canine was walked around appellant's vehicle. The police officer handling the canine testified that the canine's positive reaction at both the passenger and driver's side doors led him to believe that contraband was inside the vehicle. A search of the vehicle and its contents revealed marijuana and numerous pills in bottles or baggies.
 {¶ 4} Appellant was charged with nine counts of possession of drugs. He filed a motion to suppress evidence related to the search of his vehicle. The trial court denied the motion. Appellant pled no contest to all nine counts, and was convicted and sentenced accordingly.
 {¶ 5} Appellant raises one assignment of error on appeal.
 {¶ 6} "The trial court erred in failing to sustain the suppression motion because the search warrant did not authorize the search of a vehicle that officers knew did not belong to the homeowner, and because the officers also needed a separate warrant for the vehicle[.]"
 {¶ 7} In reviewing the trial court's decision on a motion to suppress, the appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v.Bell, Preble App. No. CA2001-06-009, 2002-Ohio-561, citing State v.Rutherford (1994), 93 Ohio App.3d 586, 592. Accepting such facts as true, the appellate court must then independently determine, as a matter of law, and without deference to the trial court's conclusion, whether the facts satisfy the applicable legal standard. Rutherford.
 {¶ 8} The search warrant in this case commanded the police officers to search the residence at issue and "[a]ny and all outbuildings and/or vehicles on the premises above that are associated with the residence," for evidence of the manufacture, use, storage and trafficking of drugs.
 {¶ 9} Appellant argues that his vehicle did not fall within the parameters of the search warrant because his vehicle did not belong to the person whose residence was being searched. This argument is based, in part, upon the trial court's conclusion that the search warrant could authorize the search of appellant's vehicle.[1]
 {¶ 10} The search warrant did not limit the search of vehicles to those owned by the homeowner. Rather, the warrant authorized the search for evidence of drug activity in the residence, outbuildings, and vehicles on the premises that were associated with the residence. "Associated with" is defined as "closely connected, joined or united with another (as in interest, function, activity, or office)." Webster's Third New International Dictionary (1993), 132.
 {¶ 11} As we previously noted, appellant's vehicle was parked in the driveway of the residence and appellant was inside when the warrant was executed. When the police discovered appellant in the residence, they were aware that appellant had an alleged previous connection with the homeowner and drugs.
 {¶ 12} Therefore, we find that the search of appellant's vehicle was covered by the search warrant in question, and the trial court did not err in so concluding. Cf. U.S. v. Thompson (C.A. 6, 1996), 91 F.3d 145.
 {¶ 13} Next, we turn to the trial court's conclusion that the search of appellant's vehicle was also permitted without a second search warrant.
 {¶ 14} As we previously discussed, a police canine trained in drug detection alerted and indicated that contraband was in appellant's vehicle. The use of a dog to sniff the exterior of a vehicle that is lawfully detained does not constitute a search that violates the Ohio Constitution or the Fourth Amendment of the U.S. Constitution. State v.French (1995), 104 Ohio App.3d 740, 749; State v. Waldroup (1995),100 Ohio App.3d 508, 514; see, also, United States v. Place (1983),462 U.S. 696, 707, 103 S.Ct. 2637, 2644-2645.
 {¶ 15} Under the facts in the instant case, the police and canine were lawfully present at the location where the "sniff" occurred during the execution of the search warrant on the premises. See United Statesv. Reed (C.A. 6, 1998), 141 F.3d 644, 650.
 {¶ 16} Further, once a trained dog alerts to the odor of drugs [from a lawfully detained vehicle or where police were legally present], an officer has probable cause to search the vehicle for contraband under the automobile exception to the search warrant requirement. French,104 Ohio App.3d at 749; State v. Williams (June 18, 2001), Clinton App. No. CA2000-11-029.
 {¶ 17} "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment * * * permits police to search the vehicle without more." Maryland v. Dyson (1999),527 U.S. 465, 467, 119 S.Ct. 2013, citing Pennsylvania v. Labron (1996),518 U.S. 938, 116 S.Ct. 2485. In addition to the element of mobility, less rigorous requirements exist because the expectation of privacy with respect to an individual's automobile is significantly less than that relating to one's home or office. California v. Carney (1985),471 U.S. 386, 391, 105 S.Ct. 2066.
 {¶ 18} Appellant argues that the automobile exception does not apply because he could not drive his vehicle from the scene while he was being held inside the residence during execution of the search warrant. We disagree with appellant's assertions.
 {¶ 19} The immobilization of the vehicle or a low probability of its being moved or evidence being destroyed does not remove the officers' justification to conduct a search pursuant to the automobile exception.State v. Jordan, Montgomery App. No. 18600, 2001-Ohio-1630, citingMichigan v. Thomas (1982), 458 U.S. 259, 261, 102 S.Ct. 3079.
 {¶ 20} Accordingly, we find that the trial court did not err in its decision to deny appellant's motion to suppress. Appellant's assignment of error is overruled.
 {¶ 21} Judgment affirmed.
Walsh and Powell, JJ., concur.
[1] State v. Morse, Warren App. Nos. CA2001-11-099, CA2001-11-100, 2002-Ohio-3873, was also discussed in this case, but we do not findMorse helpful to the issues here. In Morse, we affirmed the issuance of a search warrant for a residence and outbuildings because the affidavit for the search warrant described alleged drug activity in the detached garage, and noted that a known drug manufacturer was staying at the residence and had some of his belongings in the detached garage.