Whitmore, Judge.
{¶ 1} Appellant, the state of Ohio, appeals from the judgment of the Wayne County Municipal Court, granting the motion to suppress of appellee, Rachel Friedman. This court reverses.
*679 I
{¶ 2} On October 21, 2009, police officers from Ohio State University, who were assigned to the school’s satellite campus in Wooster, led one of their canines along Franklin Court, a residential street on campus. After the canine alerted on one of the parked vehicles on Franklin Court, the officers attempted to contact the vehicle’s owner, Friedman. Specifically, they went to Friedman’s apartment, called her cell phone, and tried to locate her at the school’s activity center. When the officers failed to locate Friedman, they used a lockout device referred to as a “Big Easy” to open her locked vehicle and removed several items.
{¶ 3} On February 18, 2010, the state filed a criminal complaint against Friedman for the possession of marijuana, in violation of R.C. 2925.11(A), and the possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1). On March 24, 2010, Friedman filed a motion to suppress, challenging the warrantless search of her vehicle. The trial court held a hearing on Friedman’s motion on May 4, 2010. The court granted the motion on May 7, 2010, concluding that the police lacked any justification to search Friedman’s vehicle in the absence of a warrant.
{¶ 4} The state now appeals from the trial court’s judgment and raises one assignment of error for our review.
II
Assignment of Error
The trial court erred in granting Rachel Friedman’s motion to suppress on the basis that a search was improperly conducted on her vehicle.
{¶ 5} In its sole assignment of error, the state argues that the trial court erred by granting Friedman’s motion to suppress. Specifically, it argues that the police lawfully searched Friedman’s vehicle, which was parked in a public area, based on probable cause arising from a canine sniff. We agree.
{¶ 6} The Ohio Supreme Court has held that:
Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. State v. Mills (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court’s findings of fact if they are supported by competent, credible evidence. State v. Fanning (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, *680 whether the facts satisfy the applicable legal standard. State v. McNamara (1997), 124 Ohio App.3d 706, 707 N.E.2d 539.
State v. Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 8. Accordingly, this court reviews the trial court’s factual findings for competent, credible evidence and considers the court’s legal conclusions de novo. State v. Conley, 9th Dist. No. 08CA009454, 2009-Ohio-910, 2009 WL 499309, at ¶ 6, citing Burnside at ¶ 8.
{¶ 7} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibits unreasonable searches and seizures. Section 14, Article I of the Ohio Constitution contains language nearly identical to that of the Fourth Amendment and similarly prohibits unreasonable searches and seizures. Although the Fourth Amendment recognizes that individuals have privacy interests in their vehicles, the inherent characteristics of vehicles “justiffy] a lesser degree of protection of [the privacy] interests [in them].” California v. Carney (1985), 471 U.S. 386, 390, 105 S.Ct. 2066, 85 L.Ed.2d 406. See also Chambers v. Maroney (1970), 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419; Carroll v. United States (1925), 267 U.S. 132, 153, 45 S.Ct. 280, 69 L.Ed. 543. “Once a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement.” State v. Moore (2000), 90 Ohio St.3d 47, 51, 734 N.E.2d 804, citing Maryland v. Dyson (1999), 527 U.S. 465, 466, 119 S.Ct. 2013, 144 L.Ed.2d 442. “[T]he concept of exigency underlies the automobile exception to the warrant requirement.” Moore at 52. Yet, “the ‘automobile exception’ has no separate exigency requirement.” Dyson at 466. Accord United States v. Ross (1982), 456 U.S. 798, 809, 102 S.Ct. 2157, 72 L.Ed.2d 572 (“In this class of cases, a search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained”). “All that is required to support a warrantless intrusion is probable cause to believe that a particular vehicle is carrying evidence of a crime.” State v. Lang (1996), 117 Ohio App.3d 29, 36, 689 N.E.2d 994. Accord State v. Underwood, 12th Dist. No. CA2003-03-057, 2004-Ohio-504, 2004 WL 231012, at ¶ 14-19; State v. Moore, 9th Dist. Nos. 22146 and 22216, 2005-Ohio-3304, 2005 WL 1523878, at ¶ 24.
{¶ 8} The facts that emerged at the suppression hearing are not in dispute. At approximately 8:30 p.m. on October 21, 2009, a canine working with police officers on assignment from Ohio State University alerted on a parked, locked car on a residential street on campus. The police identified Friedman as the owner of the vehicle and attempted to contact her over the course of the next 20 to 30 minutes. Specifically, the police identified Friedman’s apartment residence, spoke with her *681 roommate, called her cell phone, and went to the school’s activity center after her roommate suggested that she might be exercising there. When the police were unable to contact Friedman, they used a lockout tool to gain access to her vehicle. The police did not secure a warrant before entering Friedman’s vehicle. According to the officers who testified, they accessed the vehicle at that time because they did not have enough officers on duty to stay with the vehicle in the event that Friedman returned.
{¶ 9} The sole issue at the suppression hearing was whether the police, having probable cause to believe that Friedman’s vehicle contained contraband, needed to procure a warrant before searching it. Friedman conceded that probable cause arose as a result of the canine sniff that occurred. She also did not challenge the method the police employed to obtain probable cause; namely, selecting a residential street on campus and subjecting all the cars on that street to a canine sniff. Her sole argument was that once they had probable cause that her vehicle contained contraband, the police needed either her consent or an exception to the warrant requirement before conducting their search. Because they had neither, Friedman argued, their search was unlawful.
{¶ 10} The trial court granted Friedman’s motion, concluding that no justification for the warrantless search existed. The trial court distinguished this case from cases in which a vehicle search ensues as a result of a valid traffic stop and canine sniff on the basis that Friedman was not detained along with her vehicle. Because the vehicle was parked and locked in Friedman’s absence, the court reasoned, there was no danger of her immediately driving out of the area. Moreover, the court emphasized the fact that Friedman’s vehicle was parked at her place of residence, thereby reasoning that the vehicle’s physical location further distinguished it from a vehicle stopped on a roadway in the course of a traffic stop.
{¶ 11} The fact that Friedman’s vehicle was parked on a residential street did not entitle her to any greater privacy interest than a driver whose vehicle is detained on a roadway pursuant to a valid traffic stop. See, e.g., Underwood, 2004-Ohio-504, 2004 WL 231012, at ¶ 14-20 (upholding search of parked vehicle and concluding that “[t]he immobilization of the vehicle or a low probability of its being moved or evidence being destroyed does not remove the officers’ justification to conduct a search pursuant to the automobile exception”); Lang, 117 Ohio App.3d at 34, 689 N.E.2d 994, quoting State v. Claytor (1993), 85 Ohio App.3d 623, 633, 620 N.E.2d 906 (Harsha, P.J., concurring) (“ ‘While the accused may have a subjective expectation of privacy in his car while parked in a business lot [or a public street], it is not one * * * society is prepared to recognize as reasonable’ ”). Under either scenario, officers are performing their duties in a place where they are legally entitled to be. See generally State v. Halczyszak, (1986), *682 25 Ohio St.3d 301, 305-306, 25 OBR 360, 496 N.E.2d 925. The question is whether the search of Friedman’s vehicle, which was locked and parked in a public area, is deserving of more scrutiny than a vehicle search conducted in the course of a valid traffic stop. This court must conclude that no meaningful distinction exists between the two searches so as to warrant different results.
{¶ 12} “[0]nee a trained drug dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband.” State v. Carlson (1995), 102 Ohio App.3d 585, 601, 657 N.E.2d 591. Accord State v. White, 175 Ohio App.3d 302, 2008-Ohio-657, 886 N.E.2d 904, at ¶ 15-16; Moore, 2005-Ohio-3304, 2005 WL 1523878, at ¶ 24; State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716, 1994 WL 263194, at *5. In upholding the search of a vehicle parked outside a defendant’s apartment, this court noted that “[t]he search was lawful on the basis of the response of the drug-sniffing dog alone; the officers were not required to take the extra step of obtaining a search warrant.” Moore at ¶ 24. We see no reason to depart from that conclusion in the instant case. While canine sniffs that give rise to vehicle searches often occur as the result of a traffic stop, we are not convinced that a traffic stop is a condition precedent to such a search, such that the absence of a stop invalidates the search.
{¶ 13} The canine sniff in this instance gave rise to probable cause that Friedman’s vehicle contained contraband, and the officers searched the vehicle pursuant to that conclusion. Id. See also Lang, 117 Ohio App.3d at 36, 689 N.E.2d 994 (“All that is required to support a warrantless intrusion is probable cause to believe that a particular vehicle is carrying evidence of a crime”). Although Friedman’s vehicle was parked and locked at the time of the search, there was no way for the officers at the scene to anticipate when Friedman would return. See Pennsylvania v. Labron (1996), 518 U.S. 938, 940, 116 S.Ct. 2485, 135 L.Ed.2d 1031 (“If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more”). Her whereabouts were unknown, despite the officers’ attempting to contact her at her residence, on her cell phone, and at the school’s activity center. Further, there was testimony that there were not enough officers on duty to post an officer with the vehicle. The fact that Friedman was not present when the officers developed probable cause does not detract from the inherent mobility of her vehicle or render inapposite the application of the automobile exception to the warrant requirement. See Carney, 471 U.S. at 390, 105 S.Ct. 2066, 85 L.Ed.2d 406; Chambers, 399 U.S. at 48, 90 S.Ct. 1975, 26 L.Ed.2d 419; Carroll, 267 U.S. at 153, 45 S.Ct. 280, 69 L.Ed. 543. Probable cause that Friedman’s vehicle contained contraband arose as a result of the canine sniff that was performed. Carlson, 102 Ohio App.3d at 601, 657 N.E.2d *683 591. The officers in question did not violate Friedman’s Fourth Amendment rights as a result of the search they performed. Consequently, the trial court erred by granting her motion to suppress. The state’s sole assignment of error is sustained.
Ill
{¶ 14} The state’s sole assignment of error is sustained. The judgment of the Wayne County Municipal Court is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.
Judgment reversed and cause remanded.
Dickinson, J., concurs.
Carr, P.J., dissents.