[Cite as *State v. Acoff*, 2017-Ohio-8182.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|                          |   |                          |
|--------------------------|---|--------------------------|
| STATE OF OHIO,           | : | APPEAL NOS. C-160867     |
|                          |   | C-160868                 |
| Plaintiff-Appellant,     | : | TRIAL NOS. 16CRB-17209A  |
|                          |   | 16CRB-17209B             |
| vs.                      | : |                          |
|                          |   | *O P I N I O N.*         |
| TAMAR ACOFF,             | : |                          |
|                          |   |                          |
| Defendant-Appellee.      | : |                          |

Criminal Appeals From:  Hamilton County Municipal Court

Judgments Appealed From Are:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  October 13, 2017

*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Christopher Liu*, Appellate Director, for Plaintiff-Appellant,

*Raymond T. Faller*, Hamilton County Public Defender, and *Demetra Stamatakos*, Assistant Public Defender, for Defendant-Appellee.

**MYERS, Judge.**

{¶1}    The state of Ohio has appealed from the trial court's entries granting defendant-appellee Tamar Acoff's motion to suppress.  Because Acoff's arrest was supported by probable cause, and because the search of the vehicle that Acoff was seated in when arrested was permissible under the automobile exception to the warrant requirement, we find that the trial court's granting of the motion to suppress was in error.

*Factual Background*

{¶2}    Acoff was arrested for criminal trespass in the parking lot of a Shell gas station.  Following his arrest, the vehicle that he had been seated in was searched, and a bottle of prescription drugs with the label removed and other unspecified drugs were found in the center console of the vehicle.

{¶3}    Acoff was charged with criminal trespass in violation of R.C. 2911.21(A)(1) and possession of prescription drugs in violation of Cincinnati Municipal Code 601-23.  He filed a motion to suppress all evidence seized following his arrest, arguing that it was the fruit of an unlawful arrest that had not been supported by probable cause.

{¶4}    The following evidence was adduced at a hearing on Acoff's motion to suppress.  Cincinnati Police Officer Zach Sterbling testified that, while on uniformed-foot patrol on June 28, 2016, he had entered the Shell gas station located on Harrison Avenue.  Officer Sterbling had been aware that drug activity often took place in the general area of the gas station, and the station owner told him that several drug deals had taken place on the sides of the building that day. Officer

Sterbling noticed Acoff sitting in the driver's seat of a vehicle parked on the side of the building. A no-loitering sign, approximately three feet by two feet in size, was on the outside wall of the station, directly across from the side of the vehicle and visible from the vehicle.

{¶5} Officer Sterbling noticed that Acoff remained inside the vehicle for approximately ten minutes without entering the gas station. So he asked the station owner if Acoff was an employee, or if the owner knew Acoff or knew of any reason for him to be there. When the owner responded "no" to his questions, Officer Sterbling approached both Acoff and his backseat passenger, Kijuane Jones. Acoff was leaning over the center console as he approached.

{¶6} Officer Sterbling asked Acoff and Jones what business they had on the property, and Acoff replied that they were "hanging out." Officer Sterbling then removed both men from the vehicle and placed them under arrest for criminal trespass. He explained that he had arrested them because they had admitted that they were "hanging out" in the parking lot, which was prohibited by the posted no-loitering sign. Both Acoff and Jones were searched immediately following their arrest. No contraband was found on Acoff, but heroin was found on Jones. Officer Sterbling then searched the vehicle and found a bottle of prescription drugs with the label removed and other unspecified drugs in the center console.

{¶7} Officer Sterbling conceded that he did not have a warrant to arrest Acoff, to search Acoff, or to search the vehicle. He further acknowledged that Acoff had not consented to a search of his person or the vehicle.

{¶8} The trial court granted Acoff's motion to suppress. It found that Acoff had a privilege to be in the parking lot, and that he had not lost that privilege. It

further determined that Acoff's arrest for criminal trespass was not supported by probable cause and that there was no justification for Officer Sterbling to search the vehicle without a warrant.

{¶9}   The state has appealed, arguing in one assignment of error that the trial court's granting of the motion to suppress was in error.

### Standard of Review

{¶10}  Our review of a trial court's ruling on a motion to suppress presents a mixed question of law and fact.  *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.  We must accept the trial court's findings of fact if they are supported by competent and credible evidence, but we review de novo the application of the relevant law to those facts.  *Id.*

### Probable Cause to Arrest

{¶11}  The state first argues that the trial court erred in finding that Acoff's arrest was not supported by probable cause.  A warrantless arrest is supported by probable cause when "the arresting officer, at the time of the arrest, possess[es] sufficient information that would cause a reasonable and prudent person to believe that a criminal offense has been or is being committed."  *State v. Elmore*, 111 Ohio St.3d 515, 2006-Ohio-6207, 857 N.E.2d 547, ¶ 39.  A probable-cause determination is based on the totality of the circumstances.  *Id.*

{¶12}  The state contends that Officer Sterbling had probable cause to arrest Acoff for criminal trespass under R.C. 2911.21(A)(4), which provides that "[n]o person, without privilege to do so, shall * * * [b]eing on the land or premises of another, negligently fail or refuse to leave upon being notified by signage posted in a

conspicuous place or otherwise being notified to do so by the owner or occupant, or the agent or servant of either."

{¶13} Following our review of the record, we find that, under the totality of the circumstances, Officer Sterbling had probable cause to believe that Acoff had committed the offense of criminal trespass. Officer Sterbling testified that he was aware that the gas station was located in a high-drug-activity area, and that several drug sales had taken place in the parking lot of the gas station earlier that day. He observed Acoff sitting in a parked car in the gas station's parking lot for ten minutes, next to a no-loitering sign, without patronizing the store. And he had been told by the station owner that Acoff was not an employee and that the owner was unaware of Acoff's purpose for being there. Further, when asked about his reason for being on the premises, Acoff told Officer Sterbling that he was "hanging out."

{¶14} Upon learning that Acoff had no legitimate purpose for being in the gas station's parking lot, Officer Sterbling had probable cause to arrest him for a violation of R.C. 2911.21(A)(4). At that point, not only had Acoff failed to patronize the business, but Officer Sterbling could reasonably infer from his statement that he had no intention of doing so.

{¶15} Acoff argues that he had a right to be in the parking lot because the gas station was open to the public for business, and that the no-loitering sign was insufficient to notify him that his right had been revoked. His argument ignores the plain language of R.C. 2911.21(A)(4), which provides in relevant part that a person shall not negligently fail or refuse to leave a premises after "being notified by signage posted in a conspicuous place." The statute clearly indicates that a sign may serve as notice that a person does not have the right to remain on a private property, and that

notification from an owner or agent thereof is not the only way to communicate that a person no longer has such a right.

{¶16} Acoff initially had a privilege to be in the parking lot as a business invitee. A business invitee is a "business visitor, or one who rightfully comes upon the premises of another by invitation, express or implied, for some purpose that is beneficial to the owner." *Estate of Sapp v. Helping Hands Household Sales, Inc.*, 1st Dist. Hamilton No. C-030605, 2004-Ohio-3133, ¶ 10, citing *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996). A business invitee's rights are not absolute, but are limited by the scope of the owner's invitation. *Estate of Sapp* at ¶ 11. A person "has the status of an invitee only while he is on the part of the land to which his invitation extends—or in other words, the part of the land upon which the possessor gives him reason to believe that his presence is desired for the purpose for which he has come." *Gladon* at 315, quoting 2 Restatement of the Law 2d, Torts, Section 332, Comment l (1965).

{¶17} The record indicates that a no-loitering sign was conspicuously placed on a wall across from where Acoff was parked and was visible to him as he sat in the vehicle. This sign notified Acoff that his privilege to be on the gas-station property only extended to his patronage of the business, and not to remain on the property for his own purposes of "hanging out." That the sign read "no loitering," as opposed to "no trespassing," is of no consequence. The sign served the purpose of notifying Acoff that use of the property was limited to patronage of the business.

{¶18} We find that Officer Sterbling had probable cause to arrest Acoff for a violation of R.C. 2911.21(A)(4).

{¶19} The state further argues that Officer Sterbling had probable cause to arrest Acoff for the offense of loitering with the intention of committing unlawful drug transactions in violation of Cincinnati Municipal Code 910-21(b), which provides that "[i]t shall be unlawful for any person to loiter in a public place with the intention of engaging in unlawful drug-related activity." The ordinance provides that, under certain circumstances, a police officer may detain an individual to investigate whether the individual is in violation of the ordinance. *See* Cincinnati Municipal Code 910-21(c). Pursuant to Cincinnati Municipal Code 910-21(d), an officer may not detain a person for such an investigation unless two conditions are met. The first condition requires the person to have engaged in one or more of the following behaviors:

(A) The person passes or receives from passers-by, bystanders or persons in motor vehicles money, objects having characteristics consistent with controlled substances, and/or an envelope, bag or other container which could reasonably contain such objects or money.

(B) The person conceals or attempts to conceal an object having characteristics consistent with controlled substances and/or an envelope, bag or other container which could reasonably contain such objects.

(C) The person flees or obscures himself upon seeing law enforcement officers.

(D) The person communicates the fact that law enforcement officers are in the vicinity to another person in a manner which suggests that the communication is a warning.

(E)  The officer observes the person in possession of any instrument or object which is customarily used in the sale, administration or use of controlled substances[.]

Cincinnati Municipal Code 910-21(d)(1).

{¶20}  At the time that Officer Sterbling approached Acoff, he had knowledge that the area in which the gas station was located was known for drug activity and that several drug sales had taken place on the gas-station property that day.  But he had no evidence that Acoff had engaged in any of the behaviors specified by Cincinnati Municipal Code 910-21(d)(1).  So even if this ordinance applies to the private property upon which the gas station is located, we find that Officer Sterbling did not have sufficient information to believe that Acoff had committed a violation of Cincinnati Municipal Code 910-21(b), and consequently, that he lacked probable cause to arrest him for that offense.

### Search of Vehicle

{¶21}  The state further argues that the trial court erred in suppressing the search of the vehicle that Acoff had been seated in when arrested.

{¶22}  Unreasonable searches and seizures are prohibited by the Fourth Amendment to the United States Constitution.  *Accord* Ohio Constitution, Article I, Section 14.  Unless a recognized exception applies, warrantless searches are per se unreasonable.  *See Katz v. United States*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

{¶23}  The state contends that the vehicle search was permissible under the automobile exception to the warrant requirement.  Under the automobile exception, officers are permitted to "conduct a warrantless search of a lawfully stopped

automobile if they have probable cause to believe that the vehicle contains contraband." *State v. Jones*, 1st Dist. Hamilton No. C-130069, 2014-Ohio-1201, ¶ 6, citing *United States v. Ross*, 456 U.S. 798, 799, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). When an officer has probable cause to search an automobile, the officer may "conduct a warrantless search of every part of the vehicle and its contents, including all movable containers and packages that could contain the object of the search." *In re L.S.*, 1st Dist. Hamilton No. C-150526, 2016-Ohio-5582, ¶ 19.

{¶24} The absence of a traffic stop does not prevent application of the automobile exception, as it does not detract from the automobile's inherent mobility or affect the officer's belief that the vehicle contains contraband. *State v. Bazrawi*, 10th Dist. Franklin No. 12AP-1043, 2013-Ohio-3015, ¶ 27. *See State v. Friedman*, 194 Ohio App.3d 677, 2011-Ohio-2989, 957 N.E.2d 815, ¶ 11 (9th Dist.) (the warrantless search of a parked vehicle alerted on by a police drug dog was permissible under the automobile exception because "no meaningful distinction" exists between a search conducted pursuant to a traffic stop and the search of a locked car parked in a public area).

{¶25} During the search incident to arrest of Acoff and Jones, Officer Sterbling found heroin on Jones. We find that the presence of heroin on a passenger in the automobile, Officer Sterbling's knowledge that the gas station was located in an area known for drug activity, and his knowledge that several drug sales had taken place that day in the station's parking lot, provided probable cause for Officer Sterbling to believe that the vehicle, including the console, would contain drugs.

{¶26} Because the search of the vehicle was permissible under the automobile exception to the warrant requirement, we hold that the trial court erred by suppressing the evidence found during that search.

{¶27} In summary, because the arresting officer had probable cause to arrest Acoff for criminal trespass, and because the search of the vehicle that Acoff had been seated in was permitted under the automobile exception to the warrant requirement, we find that the trial court erred in granting Acoff's motion to suppress. The state's assignment of error is sustained. The judgments of the trial court are reversed, and the cause is remanded for further proceedings.

Judgments reversed and cause remanded.

MOCK, P.J., and CUNNINGHAM, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.