[Cite as *State v. Lane*, 2023-Ohio-4044.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230126 |
| | | TRIAL NO. B-2200110 |
| Plaintiff-Appellant, | : | |
| | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| VICTOR LANE, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: November 8, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Chief Assistant Prosecuting Attorney, for Plaintiff-Appellant,

*Cornelius "Carl" Lewis*, for Defendant-Appellee.

**BERGERON, Judge.**

{¶1}   A stop premised on two outstanding drug-trafficking warrants spiraled into a new seven-count indictment on multiple drug- and weapons-related felonies. Defendant-appellee Victor Lane moved to suppress the evidence against him, insisting the stop ran afoul of his constitutional rights. The trial court agreed and granted his motion to suppress, prompting the state's appeal. After reviewing the record and applicable case law, we agree that the trial court erred in granting the motion to suppress, so we sustain the state's sole assignment of error and reverse the trial court's judgment.

I.

{¶2}   In January 2022, a Cincinnati police officer assigned to track down a few people with open warrants zeroed in on Mr. Lane, with two open drug-trafficking warrants. From police surveillance, the officer spotted the minivan Mr. Lane was known to drive in the parking lot of an apartment complex and observed him exit from an apartment and enter the minivan. As he pulled out of the complex's parking lot, the officer intercepted him by stopping his vehicle. The officer ordered him to exit from the minivan, handcuffed him, and placed him in custody.

{¶3}   After securing Mr. Lane (and being joined by backup), the officer, using a flashlight, looked into the minivan and observed an open backpack with a large plastic bag containing what he believed to be marijuana in plain view. The officers then opened the door, secured the evidence, and searched the minivan. In the same backpack, officers found cocaine, a loaded semiautomatic handgun, and a digital scale. Elsewhere in the minivan, officers found another bag containing marijuana and cash.

{¶4} The Hamilton County grand jury returned a seven-count indictment against Mr. Lane, charging various weapons-related offenses, drug trafficking, and drug possession. Mr. Lane requested that the trial court suppress the evidence discovered, maintaining officers had no right to search the minivan because he could not access the vehicle at the time of the search, and the officers had no reason to believe that any contraband existed in the minivan. After a hearing, the trial court granted the motion to suppress, indicating that the "plain view" exception did not apply because the officer's conduct was deliberate, rather than inadvertent. The state now appeals.

II.

{¶5} In its sole assignment of error, the state challenges the trial court's plain view ruling, seeking to justify the search under the automobile exception to the warrant requirement because the discovery of marijuana in plain view provided the officers with probable cause to search the minivan.

{¶6} This court's review of a motion to suppress "presents a mixed question of law and fact." *State v. Banks-Harvey*, 152 Ohio St.3d 368, 2018-Ohio-201, 96 N.E.3d 262, ¶ 14, citing *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20, 437 N.E.2d 583 (1982). " 'But we must independently determine whether the facts satisfy the applicable legal standard.' " *State v. Thompson*, 1st Dist. Hamilton No. C-200388, 2021-Ohio-3184, ¶ 10, quoting *State v. Taylor*, 174 Ohio App.3d 477, 2007-Ohio-7066, 882 N.E.2d 945, ¶ 11 (1st Dist.).

3

{¶7} In this case, although the trial court found Mr. Lane's motion "to be well taken" and granted his motion to suppress, it did not make any explicit findings of fact for us to review. Therefore, we must " 'directly examine the record to determine whether there [was] sufficient evidence to demonstrate that the trial court's decision was supported by the record and legally justified.' " *State v. Pate*, 1st Dist. Hamilton Nos. C-130490 and C-130492, 2014-Ohio-2029, ¶ 11, quoting *State v. Shields*, 1st Dist. Hamilton No. C-100362, 2011-Ohio-1912, ¶ 9.

{¶8} Generally, "warrantless searches are per se unreasonable." *State v. Bacher*, 170 Ohio App.3d 457, 2007-Ohio-727, 867 N.E.2d 864, ¶ 8 (1st Dist.). But there are "a few well-established exceptions" to the warrant requirement. *State v. Ulmer*, 1st Dist. Hamilton Nos. C-190304, C-190305 and C-190306, 2020-Ohio-4689, ¶ 13, citing *State v. Ward*, 2017-Ohio-8141, 98 N.E.3d 1257, ¶ 13 (1st Dist.). And the state asserts that the plain view and automobile exceptions together justified the warrantless search of Mr. Lane's minivan and the subsequent seizure of marijuana, cocaine, a gun, and cash.

{¶9} A warrantless search of a lawfully stopped automobile does not violate the Fourth Amendment if the officer has " 'probable cause to believe the vehicle contains contraband.' " *State v. O'Neal*, 1st Dist. Hamilton No. C-220541, 2023-Ohio-3268, ¶ 15, quoting *State v. Acoff*, 2017-Ohio-8182, 100 N.E.3d 87, ¶ 23 (1st Dist.). Generally, the observation of contraband in plain view "provide[s] probable cause for the officers to believe the vehicle contain[s] contraband and to conduct a warrantless search under the automobile exception to the warrant requirement." *State v. Wilson*, 1st Dist. Hamilton No. C-170408, 2018-Ohio-2377, ¶ 11, citing *State v. Hamilton*, 1st Dist. Hamilton Nos. C-160247 and C-160248, 2017-Ohio-8140, ¶ 16.

4

{¶10} When the United States Supreme Court first articulated the plain view exception, "it prescribed a 'three-part analysis. First, the initial intrusion that brought the police into a position to view the object must have been legitimate. Second, the police must have inadvertently discovered the object. Third, the incriminating nature of the object must have been immediately apparent.' " *Thompson*, 1st Dist. Hamilton No. C-200388, 2021-Ohio-3184, at ¶ 12, quoting *State v. Halczyszak*, 25 Ohio St.3d 301, 303, 496 N.E.2d 925 (1986). However, the Court later clarified that the Fourth Amendment does not impose an inadvertence requirement in the plain view analysis, reasoning that applying a standard dependent "upon the subjective state of mind of the officer" causes significant difficulty in attaining "evenhanded law enforcement." *Horton v. California*, 496 U.S. 128, 138, 110 S.Ct. 2301, 110 L.Ed.2d 112 (1990). As a result, the inquiry largely collapses into a consideration of whether the officers legitimately had a right to be where they witnessed the incriminating evidence, and the incriminating nature of the evidence must be readily apparent.

{¶11} The trial court, however, seemed to resurrect the inadvertence requirement, emphasizing: "The question is why. Why did the officer go around and look in the car, his purpose is done * * *. I don't know why he went around the vehicle and was looking inside." But this type of subjective scrutiny into the officer's state of mind is exactly what the Supreme Court dispensed with in *Horton*. *See City of Dayton v. Erickson*, 76 Ohio St.3d 3, 6, 665 N.E.2d 1091 (1996) ("[T]he question whether a Fourth Amendment violation occurred * * * depends upon an objective assessment of the officer's actions at the time of the traffic stop, and not upon the officer's actual (subjective) state of mind."); *State v. Maddox*, 2021-Ohio-586, 168 N.E.3d 613, ¶ 16

5

(10th Dist.) ("In determining whether probable cause exists, courts may not look to events that occurred after the search or to the subjective intent of the officers.").

**{¶12}** On appeal, Mr. Lane acknowledges that inadvertence is no longer required for a plain view search under the Fourth Amendment, *Thompson*, 1st Dist. Hamilton No. C-200388, 2021-Ohio-3184, but he seeks to salvage the suppression ruling by pointing to Article 1, Section 14 of the Ohio Constitution, insisting that the state charter supplies an inadvertence requirement not found in its federal counterpart. However, even if the Ohio Constitution required inadvertence—and Mr. Lane fails to point to any Ohio authority substantiating the point—the search at issue would remain constitutional.

**{¶13}** "Inadvertence," in search and seizure parlance, does not mean an officer has to trip over the evidence for it to be in plain view. Rather, to qualify as inadvertent, an officer must " 'not know in advance the location of [certain] evidence and intend to seize it,' relying on the plain-view doctrine only as a pretext." *Texas v. Brown*, 460 U.S. 730, 737, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 470, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). When the officer approached Mr. Lane's vehicle and peered inside with a flashlight, he did not already know that marijuana was in the vehicle. He may have hoped to discover contraband, but without any particularized knowledge of the evidence to be seized, that potential aspiration does not defeat the (former) inadvertence requirement of the plain view doctrine.

**{¶14}** While there is good reason to believe that the Ohio search and seizure requirements differ, at least in some respects, from the federal Fourth Amendment jurisprudence, *see State v. Brown*, 143 Ohio St.3d 444, 2015-Ohio-2438, 39 N.E.3d

496, ¶ 23 ("Article I, Section 14 of the Ohio Constitution affords greater protection than the Fourth Amendment against searches and seizures conducted by members of law enforcement who lack authority to make an arrest."); *State v. Brown*, 99 Ohio St.3d 323, 2003-Ohio-3931, 792 N.E.2d 175, ¶ 7 ("We hold that Section 14, Article I of the Ohio Constitution provides greater protection than the Fourth Amendment to the United States Constitution against warrantless arrests for minor misdemeanors."), even if we could divine an independent basis for an inadvertence requirement under the state constitution, it would accordingly not aid Mr. Lane on these facts.

**{¶15}** Therefore, the warrantless search of Mr. Lane's minivan "satisfies the plain view exception if: 1) the initial intrusion bringing the officer into a position to view the object was legitimate, and 2) the incriminating nature of the object was immediately apparent." *Thompson*, 1st Dist. Hamilton No. C-200388, 2021-Ohio-3184, at ¶ 15. The state maintains that the officer had probable cause to believe the vehicle contained contraband because, while standing outside the minivan and using a flashlight, he observed an open backpack with "a large plastic bag containing marijuana" sitting in the trunk area of the minivan. Mr. Lane does not dispute the legitimacy of the initial intrusion that brought the officer into a position to view the backpack. But he posits that the incriminating nature of marijuana was not immediately apparent.

**{¶16}** Mr. Lane argues that because marijuana may be possessed for medicinal use and hemp (which could be mistaken for marijuana) is generally legal, the detection of marijuana in a vehicle no longer gives rise to probable cause of illegality. The incriminating nature of an object is immediately apparent when "police have 'probable cause to associate [the] object with criminal activity.' " *City of Cincinnati v. Langan*,

94 Ohio App.3d 22, 28, 640 N.E.2d 200 (1st Dist.1994), quoting *Halczyszak*, 25 Ohio St.3d at 305, 496 N.E.2d 925. Here, the officer testified that he observed "not a ziplock bag, but a large plastic bag containing marijuana" in Mr. Lane's minivan.

{¶17} Regardless, defense counsel never raised this issue at trial, which prevented any factual findings or further exploration of this issue below. Accordingly, we decline to review this issue raised for the first time on appeal. *State v. Flagg*, 1st Dist. Hamilton No. C-170015, 2018-Ohio-1702, ¶ 22 ("A reviewing court may, but is not required to, consider a constitutional issue raised for the first time on appeal where the rights and interests involved may warrant it.").

{¶18} For all of the reasons discussed above, we sustain the state's assignment of error.

\*   \*   \*

{¶19} In light of the foregoing analysis, we sustain the state's assignment of error, reverse the judgment of the trial court, and remand this cause for further proceedings consistent with the law and this opinion.

Judgment reversed and cause remanded.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.