[Cite as *State v. Rinella*, 2024-Ohio-152.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No.    30629 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DAVID RINELLA | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR 21 07 2320 |

DECISION AND JOURNAL ENTRY

Dated: January 17, 2024

STEVENSON, Judge.

{¶1}    Defendant-Appellant David Rinella ("Mr. Rinella") appeals from the judgment of the Summit County Court of Common Pleas denying his motion to suppress because he contends the stop of his vehicle did not give the officers authority to search the vehicle or a container in a backpack on the front seat.  We affirm as the officers had probable cause to believe that there was drug contraband in Mr. Rinella's vehicle based upon his statements and behavior.

I.

{¶2}    In June 2021, Officer Edward Simmons of the Barberton Police Department was on patrol when he observed Mr. Rinella's truck driving on the roadway with no visible license plate on the rear of the vehicle.  Officer Simmons first noticed the truck because it stopped at a stop sign for an unusually long time at the intersection of 5th Street and Fairview Avenue.  Officer Simmons pulled out behind the truck and followed it for a short time until it got to an appropriate place to conduct a traffic stop.  Upon initiating the stop, Officer Simmons approached the truck on

the driver's side. His partner approached the truck from the passenger side. At that time, Officer Simmons had been employed with the Barberton Police Department for over five years and had received specialized training for drug interdiction with the Ohio State Highway Patrol.

{¶3} Officer Simmons identified Mr. Rinella and spoke with him about the reason for the stop. Mr. Rinella said he did not realize the rear plate was not affixed to the vehicle, and that the reason for his delay in proceeding through the intersection was that he noticed Officer Simmons behind him. He also stated he was going to the Tap Tap gambling establishment on Wooster Road in Barberton, which Officer Simmons recognized as a location known for drugs and other illegal activity. Based on his training and experience, Officer Simmons observed several indicators of drug activity from Mr. Rinella's appearance, including abnormal nervousness, abnormal body language, avoiding eye contract, constricted pupils, and fixation on a backpack in the passenger seat. After a brief conversation, Officer Simmons returned to his police car and confirmed that the vehicle was registered to Mr. Rinella, but that it was supposed to have an expired thirty-day tag.

{¶4} Officer Simmons approached Mr. Rinella's truck again from the driver's side and asked for permission to search the vehicle. Mr. Rinella denied consent. Office Simmons explained that he was suspicious Mr. Rinella might be under the influence or that the vehicle might contain drugs based on the observations noted above. Officer Simmons questioned Mr. Rinella about his constricted pupils and any drug use. Mr. Rinella denied taking any prescription medication but admitted that he does smoke marijuana and that he had used a marijuana pen to consume marijuana earlier in the day. He also admitted that there may be a "marijuana roach" in the truck. Mr. Rinella further admitted that his vehicle would probably indicate for marijuana upon a K-9 sniff. Throughout the conversation, Officer Simmons once again thought Mr. Rinella seemed abnormally focused on and worried about the backpack in the passenger seat.

{¶5} At this point, Officer Simmons asked Mr. Rinella to step out of the truck and began a search of the truck. During the search, Officer Simmons located a hard plastic case inside the backpack on the passenger seat. The case had a lock on the right side, but Officer Simmons was able to open it from the left side by pushing the lid up with his fingers without disturbing the lock. Once opened, Officer Simmons observed multiple small plastic bags, which in his experience, was consistent with the manner in which people carry illicit drugs. He removed one of the bags and found that it contained a white powdery substance he believed was methamphetamines. Mr. Rinella admitted that the substances may be methamphetamines. Officer Simmons then placed him under arrest.

{¶6} Mr. Rinella was indicted on one count of aggravated possession of drugs in violation of R.C.2925.11(A)(C)(1)(c), a second-degree felony. Mr. Rinella moved to suppress all statements and evidence flowing from the stop. In his motion to suppress, he argued that the warrantless search of his vehicle and its contents violated his Fourth and Fifth Amendment rights; specifically, that Officer Simmons used the minor misdemeanor traffic violation as a pretext to search his vehicle without probable cause to do so, and that the warrantless search of the backpack and plastic case exceeded the permissible scope.

{¶7} The trial court held a hearing on the matter. During the hearing, the State presented testimony from Officer Simmons and submitted the video from his body worn camera. The trial court issued a written judgment entry denying Mr. Rinella's motion to suppress. The trial court found that a traffic violation occurred sufficient to support Officer Simmons' stop of Mr. Rinella's truck. It also found that Officer Simmons had probable cause to believe the truck contained contraband, likely marijuana, and that the automobile exception to the warrant requirement supported the search of the truck. It further found that the automobile exception extended to

containers within an automobile that would logically contain the marijuana, and thus, Officer Simmons was permitted to search the backpack and plastic case.

{¶8}   Mr. Rinella entered a no contest plea on the indictment.  The trial court found him guilty and sentenced him to a definite term of two years and a maximum of three years in prison. This timely appeal followed. Mr. Rinella asserts two assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED IN DENYING APPELLANT DAVID RINELLA'S MOTION TO SUPPRESS THEREBY ALLOWING INTRODUCTION OF EVIDENCE CONCERNING THE CASE AT BAR.**

{¶9}   In this assignment of error, Mr. Rinella argues that the trial court erred by determining that Officer Simmons had probable cause to search his vehicle; that the automobile exception to the warrant requirement applied; and that the search of the backpack and plastic box was within the permissible scope of Officer Simmons' authority.  He maintains that there was no indication he was under the influence at the time of the stop, and that his constricted pupils and admission of smoking marijuana several hours earlier were not sufficient to support that belief. He further argues that Officer Simmons' search of the backpack and opening of the locked plastic case was beyond the scope of the permissible search. We disagree.

{¶10}  The Ohio Supreme Court has stated:

Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. Pursuant to *Burnside*, "[o]nce this Court has determined that the trial court's factual findings are supported by the evidence, we consider the trial court's legal conclusions de novo." *State v. Iloba*, 9th Dist. Wayne No. 20AP0030, 2021-Ohio-3700, ¶ 7, citing *Burnside* at ¶ 8. Here, Mr. Rinella does not challenge the trial court's factual findings. Therefore, this Court accepts them as supported by the evidence.

**{¶11}** The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated * * *." Article I, Section 14, of the Ohio Constitution contains nearly identical language.

**{¶12}** The traffic stop of a vehicle constitutes a seizure for Fourth Amendment purposes. *Whren v. United States*, 517 U.S. 806, 809-810 (1996). "Although the Fourth Amendment recognizes that individuals have privacy interests in their vehicles, the inherent characteristics of vehicles 'justif[y] a lesser degree of protection of [the privacy] interests [in them].'" *State v. Friedman*, 194 Ohio App.3d 677, 2011-Ohio-2989, ¶ 7 (9th Dist.), quoting *California v. Carney*, 471 U.S. 386, 390 (1985). "'Once a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement.'" *Friedman* at ¶ 7, quoting *State v. Moore*, 90 Ohio St.3d 47, 51 (2000).

> It is now well settled that the absence of a warrant does not render an automobile search invalid on constitutional grounds. All that is required to support a warrantless intrusion is probable cause to believe that a particular vehicle is carrying evidence of a crime. When probable cause is found to exist under the facts and circumstances of a given case, law enforcement officers have the necessary constitutional justification to explore any areas in the vehicle, such as locked trunks and glove compartments, that may reasonably contain the object of their search.

(Internal citations and quotations omitted.) *State v. Lang*, 117 Ohio App.3d 29, 36 (1st Dist.1996).

> Probable cause consists of "'a reasonable ground for belief of guilt.'" *State v. Moore*, 90 Ohio St.3d 47, 49 (2000), quoting *Carroll v. United States*, 267 U.S. 132, 161 (1925). While "[t]he amount of evidence necessary for probable cause * * * is less evidence than would be necessary to support a conviction * * *[,]" *State v. McGinty*, 9th Dist. Medina No. 08CA0039-M, 2009-Ohio-994, ¶ 11, probable cause is "a stricter standard than reasonable and articulable suspicion[,]" *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, ¶ 23. *See also Brinegar v. United States*, 338 U.S. 160, 175 (1949) (probable cause means "more than bare suspicion"). The question of whether an officer had probable cause to arrest a defendant "is a fact-intensive inquiry * * *.'" *State v. Davis*, 9th Dist. Summit No. 29273, 2020-Ohio-473, ¶ 19. "The determination 'is made from the totality of the circumstances.'" *State v. R.L.*, 9th Dist. Summit No. 29573, 2020-Ohio-2811, ¶ 9, quoting *State v. White*, 9th Dist. Wayne No. 05CA0060, 2006-Ohio-2966, ¶ 24. "'Factors to be considered include an officer's observation of some criminal behavior by the defendant, furtive or suspicious behavior, flight, events escalating reasonable suspicion into probable cause, [and] association with criminals and locations.'" *White* at ¶ 24, quoting *State v. Shull*, 5th Dist. Nos. 05-CA-30, 2005-Ohio-5953, ¶ 20.

*State v. Dudsak*, 9th Dist. Medina No. 21CA0033-M, 2021-Ohio-3632, ¶ 16.

{¶13} In this case, Officer Simmons had the requisite probable cause of criminal activity to search Mr. Rinella's vehicle. The unchallenged factual findings establish that Officer Simmons observed multiple indicators of criminal activity, including the unusually long stop at the intersection, abnormal nervousness, avoiding eye contact, and fixation on the backpack in the front passenger seat. Mr. Rinella told Officer Simmons that he was traveling to an establishment known to be associated with drug trafficking. He also admitted that he had smoked marijuana earlier in the day, that there may be a marijuana roach in the vehicle, and that a K-9 sniff would probably alert for marijuana. The trial court noted these facts in its decision denying the motion to suppress. Under those facts and circumstances, an objectively reasonable police officer would have probable cause to believe that evidence of drugs would be found in Mr. Rinella's vehicle. *See Ornelas v. United States,* 517 U.S. 690, 696 (1996). Consequently, we reject Mr. Rinella's argument that Officer Simmons lacked the requisite probable cause to search his vehicle for drugs.

**{¶14}** Secondly, Mr. Rinella argues that even if the officer had probable cause to search his vehicle, he did not have probable cause to search the plastic box found in his backpack in the vehicle. We disagree.

**{¶15}** According to the United States Supreme Court, "if probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982). "The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Id*. at 824. The vehicle "contents" subject to search include "all movable containers and packages" found inside the vehicle. *State v. Maddox*, 10th Dist. Franklin No. 19AP-72, 2021-Ohio-586, ¶ 20.

**{¶16}** The permissible scope of the search has been extended to specific items found inside a vehicle. *See State v. Vega,* 154 Ohio St. 3d 569, 2018-Ohio-4002, ¶ 18 (sealed envelopes); *State v. Kumuhone*, 8th Dist. Cuyahoga No. 112272, 2023-Ohio-2586, ¶ 28 and *State v. Fritz*, 12th Dist. Clermont Nos. CA2019-12-094, CA2019-12-095, 2020-Ohio-5231, ¶ 35 (a backpack); *State v. Sullivan*, 12th Dist. Preble No. CA2018-10-016, 2019-Ohio-2279, ¶ 23 (a locked tool box).

**{¶17}** As previously established, Officer Simmons had probable cause to believe that Mr. Rinella's vehicle contained evidence of marijuana. Because probable cause existed to search Mr. Rinella's vehicle, Officer Simmons also had probable cause to search the backpack and plastic case, both of which could have concealed marijuana. Therefore, this Court rejects Mr. Rinella's argument that Officer Simmons was not authorized to search the backpack and plastic case.

**{¶18}** Based on the foregoing, we conclude that based on the totality of the circumstances, Officer Simmons had probable cause to search Mr. Rinella's vehicle; that the automobile exception

to the warrant requirement applied to permit the warrantless search of Mr. Rinella's vehicle; and that the scope of the search included the plastic box inside the backpack. Accordingly, the trial court did not err by denying Mr. Rinella's motion to suppress. Mr. Rinella's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT'S SENTENCING OF APPELLANT, DAVID RINELLA, UNDER THE REAGAN TOKES ACT, WHICH ALLOWS THE DEPARTMENT OF REHABILITATION AND CORRECTION TO ADMINISTRATIVELY EXTEND A CRIMINAL DEFENDANT'S PRISON TERM BEYOND THE PRESUMPTIVE MINIMUM TERM IS UNCONSTITUTIONAL.**

**{¶19}** Mr. Rinella challenges his sentence under the Reagan Tokes Act. He argues that the Reagan Tokes Act is unconstitutional because it violates the doctrine of the separation of powers and deprives him of his constitutional right to due process of law. The Ohio Supreme Court rejected these arguments and concluded that the Reagan Tokes Act is constitutional. *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535. Accordingly, Mr. Rinella's second assignment of error is overruled.

## III.

**{¶20}** Mr. Rinella's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.


APPEARANCES:

KIMBERLY STOUT-SHERRER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.