JOURNAL ENTRY and OPINION
{¶ 1} In this delayed appeal of two separate cases, defendantappellant, Mack Clark ("Clark"), appeals his conviction for drug possession and his sentence for escape. Finding no merit, we affirm.
 {¶ 2} In Case No. CR-419172, Clark was charged with one count of drug possession. Prior to trial, Clark moved to suppress the crack cocaine found on him during a traffic stop, claiming that the stop was invalid and, alternatively, that his detention exceeded the scope of the traffic stop. The following evidence was presented at the hearing on the motion.
 {¶ 3} Cleveland Police Officer Thomas Lascko testified that on January 10, 2002, at approximately 5:15 a.m., he and his partner, Officer Guy Sako, were parked on Forest Avenue, near East 123rd Street, when they observed a gray vehicle traveling eastbound on Forest Avenue stop in the middle of the street. They further observed a male approach the car and get in the back seat. The male stayed in the car less than a minute before exiting. Another male approached the car, entered the back seat, and the car drove away. However, another vehicle traveling eastbound on Forest Avenue had to drive around the gray vehicle as it sat in the middle of the street. The officers followed the gray vehicle and pulled it over for impeding the flow of traffic and for opening the car door into traffic, violations of Cleveland Codified Ordinances 433.04 and 451.07.
 {¶ 4} Officer Lascko testified that he and his partner approached the vehicle, asked the driver for his license, and placed him under arrest upon learning that he had no driver's license. While exiting the vehicle, the driver attempted to discard one rock of crack cocaine but Officer Lascko observed his hand movement and recovered the rock. The officers ordered the back seat passenger to exit the vehicle, after observing him make a furtive movement. Officer Lascko patted down the passenger and placed him in the patrol car.
 {¶ 5} While Officer Lascko patted down the back seat passenger, Officer Sako observed Clark, the front seat passenger, "moving around in the seat." He further observed Clark slowly reach into his left pocket, pull out a black eyeglass case, and "stuff it" into the area between the two seats. Officer Sako explained that he initially thought Clark was reaching for a weapon and, after discovering cocaine in the car, he further believed that Clark was attempting to discard it. When Officer Sako asked Clark to exit the vehicle, he noticed "a metal stem with a burnt end" protruding from the eyeglass case. Based on his twelve years experience as a police officer, Officer Sako immediately recognized the object as a crack pipe.
 {¶ 6} After discovering the crack pipe, Officer Sako arrested Clark. Because of Clark's mumbled speech, the officers suspected that he was concealing an object in his mouth. Officer Lascko ordered Clark to remove the object from his mouth. Clark spit out a rock of crack cocaine.
 {¶ 7} After the court denied the motion to suppress, Clark pled no contest to the charge, and the court imposed a prison term of six months. In Case No. CR-436074, Clark was charged with escape for failing to report to the Adult Parole Authority after he completed his six-month sentence in Case No. CR-419172. Clark pled guilty to escape, and the trial court sentenced him to two years in prison.
 {¶ 8} Clark appeals, raising three assignments of error.
 Motion to Suppress {¶ 9} In his first assignment of error, he argues that the trial court erred in denying his motion to suppress.
 {¶ 10} In reviewing a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions for the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, 277; State v. Fanning
(1982), 1 Ohio St.3d 19, 20. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See, Statev. Curry (1994), 95 Ohio App.3d 93, 96, citing, State v. Schiebel
(1990), 55 Ohio St.3d 71. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. Id., citing, Statev. Claytor (1993), 85 Ohio App.3d 623, 627.
 {¶ 11} In the seminal case of Terry v. Ohio, the United States Supreme Court explained that the Fourth Amendment allows a police officer to stop and detain an individual if the officer possesses a reasonable suspicion, based upon specific and articulable facts, that criminal activity "may be afoot." Terry v. Ohio (1968), 392 U.S. 1, 9; see, also,State v. Andrews (1991), 57 Ohio St.3d 86. To justify an investigative stop, the officer must be able to articulate specific facts which would warrant a reasonably prudent police officer to believe that the person stopped has committed or is committing a crime. See, Terry, supra, at 27.
 {¶ 12} A traffic offense meets the requirements under Terry,
constituting reasonable grounds for an investigative stop. State v.Davenport, Cuyahoga App. No. 83487, 2004-Ohio-5020, ¶ 16, citing Statev. Carlson (1995), 102 Ohio App.3d 585, 596. However, the duration of the detention should be limited to the time necessary to make the traffic stop and issue a citation, unless the police have "reasonable suspicion" of criminal activity to continue the detention. State v. Foster (1993),87 Ohio App.3d 32, 40, citing State v. Hart (1988),61 Ohio App.3d 37, 41.
 {¶ 13} Clark argues that the police used the "minor traffic infractions" as a pretext for unlawfully stopping and searching the vehicle and its occupants for drugs. He claims that the officers did not have sufficient "probable cause" to stop the vehicle for suspected drug activity so they used the "minor traffic infractions" as a pretext. However, the Ohio Supreme Court has recognized that "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question."City of Dayton v. Erickson, 76 Ohio St.3d 3, 11-12, 1996-Ohio-431. See, also Whren v. United States (1996), 517 U.S. 806 (reaching same holding). Accordingly, regardless of the officers' motivation, the initial stop was lawful, based on the undisputed traffic violation.
 {¶ 14} We disagree with Clark's contention that the officers' search and seizure of him exceeded the scope of the traffic stop. The United States Supreme Court has recognized that a police officer may order a driver or passenger to exit his vehicle if properly stopped for a traffic violation, even if the officer does not have reasonable suspicion of criminal activity. See, Pennsylvania v. Mimms (1977), 434 U.S. 106; see, also, Maryland v. Wilson (1997), 519 U.S. 408 (extending the Mimms rule to passengers of a motor vehicle). Thus, even if Clark had not reached inside his pocket and placed the eyeglass case between the seats, thereby causing Officer Sako to believe that he was reaching for a weapon or discarding drugs, the police were justified in ordering him to exit the vehicle. See State v. Hoskins, Cuyahoga App. No. 80384, 2002-Ohio-3451. Further, contrary to Clark's assertion, there is no evidence in the record that the police ever conducted a Terry search prior to his arrest. After Clark exited the vehicle, Officer Sako discovered a crack pipe in plain view. Based on this discovery, Officer Sako arrested Clark and subsequently retrieved the crack cocaine from Clark's mouth. Because the detention and arrest were lawful, the subsequent discovery of the crack cocaine was properly admitted into evidence.
 {¶ 15} Moreover, although Clark claims that the duration of the traffic stop exceeded its purpose, we find no merit to this argument. Based on the events following the traffic violation, i.e., discovery of drugs and suspicious activity of the vehicle occupants, including Clark, the police had a reasonable suspicion of criminal activity to justify continued detention of the vehicle.
 {¶ 16} Accordingly, the first assignment of error is overruled.
 Sentence {¶ 17} In his second assignment of error, Clark argues that the trial court erred in imposing more than the minimum sentence on the escape charge. He claims that, pursuant to the United States Supreme Court decision in Blakely v. Washington (2004), ___ U.S. ___, 124 S.Ct. 2531,159 L.Ed.2d 403, the trial court is precluded from imposing more than the minimum unless the defendant stipulates to the facts supporting a greater sentence or the facts are determined by a jury. Blakely, supra, however, recognizes that consideration of a prior conviction does not implicate the Sixth Amendment for sentencing purposes. Id. at 2536, quotingApprendi v. New Jersey (2000), 530 U.S. 466, 490, 120 S.Ct. 2348,147 L.Ed.2d 435 ("other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). In this case, the trial court imposed more than a minimum prison term, based on Clark's prior conviction and prison sentence. Accordingly, this assignment of error lacks merit.
 Post-Release Control {¶ 18} In his final assignment of error, Clark argues that, although the trial court informed him that he was subject to postrelease control, it did not fully advise him of all the terms and conditions.
 {¶ 19} Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the sentence. Woods v. Telb,89 Ohio St.3d 504, 2000-Ohio-171, paragraph two of the syllabus. Further, under R.C. 2929.19(B)(3)(d), a trial court must inform the defendant at sentencing or at the time of a plea hearing "that he may be subject to a definite period of post-release control [and] the possibility of sanctions, including prison, available for violation of such controls." State v. Morrissey (Dec. 18, 2000), Cuyahoga App. No. 77179.
 {¶ 20} Because Clark does not specify in which underlying case he was not adequately advised, we will address both cases. In regard to the underlying drug case, prior to accepting Clark's no contest plea, the trial court informed him of post-release control by explaining:
"Do you also know if you ended up serving the time, you'd be subject towhat they call post-release control for a period up to three years.That's a parole period after incarceration. If you violated the terms ofpost-release control, you may look at additional time of up to half ofyour sentence?"
 {¶ 21} In regard to the escape case, the trial court informed Clark at his plea hearing as follows:
"Do you understand that if you are sentenced to community controlsanctions but you violate those sanctions you could then be sentenced toprison?
• * * *
In addition, do you understand that if you were sentenced to prison youcould be subject to post-release control for three years afterwards?
• * * *
What that means is that they can impose half of your original sentenceif you violate your post-release control."
Further, in sentencing Clark, the trial court stated:
"You will be on post-release control for three years afterwards. If youreoffend while you're on post-release control, they can impose one-halfof your original sentence, which would be one year."
 {¶ 22} Based on the above explanations, we find that the trial court complied with the notification requirements of R.C. 2929.19(B)(3) and R.C. 2967.28(C) in each case. Contrary to Clark's assertion, we find that the trial court advised him that prison was a possible sanction for a violation of post-release control.
 {¶ 23} Accordingly, the third assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Celebrezze, Jr., J. Concur