[Cite as *State v. Dotson*, 2018-Ohio-499.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-170214 |
| | | TRIAL NO. B-1503232 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| | | |
| ANTHONY DOTSON, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  February 9, 2018

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Joshua A. Thompson*, Assistant Public Defender, for Defendant-Appellant.

**MILLER, Judge.**

{¶1} Anthony Dotson appeals the trial court's denial of his motion to suppress. We affirm.

{¶2} Sheriff's deputies responded to a 9-1-1 call reporting that a man appeared to be tampering with vehicles in a Home Depot parking lot. Dotson matched the description of the suspect. Deputies Lipps and Booster motioned Dotson over and asked Dotson to consent to a pat down search for weapons. Deputy Lipps testified that Dotson consented to the search. The deputies recovered a pocket knife and a very thin, small straw. According to Deputy Lipps, the straw was not a drinking or stirring straw, but was the type of straw generally used for snorting drugs. The deputies subsequently searched Dotson's car and recovered marijuana, a pipe, and pills. Based on the evidence found in the car only, Dotson was later charged with multiple drug-related crimes.

{¶3} In his written motion to suppress, Dotson contended that the pat down search was illegal, and all evidence that flowed from it had to be suppressed. At the suppression hearing, however, Dotson stated on the record that he was contesting the pat down search only, and was not attacking the subsequent search of the automobile. Dotson testified that he never consented to a pat down search. When the state asked Dotson if he had consented to the search of his car, defense counsel objected, stating "Beyond the scope. We are not contesting that." The trial court sustained the objection.

{¶4} Dotson subsequently contended in his written closing argument that evidence seized during the search of his car was "fruit of the poisonous tree" that must be suppressed.

{¶5} The trial court found Deputy Lipps's testimony regarding Dotson's consent to be credible, determined that the pat down search was consensual, and overruled Dotson's motion to suppress.

{¶6} In his sole assignment of error, Dotson contends (1) the warrantless pat down search was unreasonable because there was no indication that he was armed and dangerous, (2) even if the court determines that he consented, under the totality of the circumstances, his consent was involuntary, (3) even if his consent was voluntary, under the plain feel doctrine it was not readily apparent that the straw was contraband, and (4) even if the pat down search and subsequent seizure of the straw was lawful, discovery of the straw did not justify further detention and search of Dotson's car.

{¶7} *The Pat Down Search and Waiver.* The parties stipulated that there was no warrant in this case. The burden was therefore on the state to show the reasonableness of the search and seizure. *Xenia v. Wallace*, 37 Ohio St.3d 216, 218, 524 N.E.2d 889 (1988). In reviewing a motion to suppress, we defer to the trial court's factual findings, but apply the law de novo. *See State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶8} Here, the trial court determined that Dotson had consented to the pat down search. While we accept this finding, the record establishes that the responding officers asked Dotson if he would consent to a pat down search for weapons only. Dotson agreed. Thus, the scope of his consent was limited. *State v. Riggins*, 1st Dist. Hamilton No. C-030626, 2004-Ohio-4247, ¶ 28-30 (a suspect may limit the scope of his consent to a search); (Citations omitted.) *Florida v. Jimeno*, 500 U.S. 248, 251, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991) ("[t]he standard for measuring the scope of a suspect's consent is that of 'objective reasonableness'—what

3

would the typical reasonable person have understood by the exchange between the officer and suspect?"). The state presented no evidence that it was immediately apparent from a plain feel perspective that the straw was contraband. *See Minnesota v. Dickerson*, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993) (during a lawful pat down for weapons, where it is immediately apparent that an object is contraband, its warrantless seizure is justified); *State v. Milhouse*, 133 Ohio App.3d 527, 530, 728 N.E.2d 1123 (1st Dist.1999) (applying *Dickerson*). The state therefore did not meet its burden to demonstrate the reasonableness of the warrantless seizure of the straw and we need not address whether Dotson's consent was voluntary.

{¶9} While we hold that the straw should have been suppressed from evidence, Dotson's victory is pyrrhic. The state did not use the straw as evidence against him. It was the contraband found in Dotson's car that formed the basis for Dotson's multiple drug charges.

{¶10} Dotson affirmatively waived his right to contest to the search of his car. When asked by the trial court whether the pat down "is really the issue," Counsel answered "yes." And when the state attempted to explore whether Dotson may have consented to the search of his car, defense counsel objected on the ground that Dotson was not contesting that search. Based on counsel's representation, the objection was sustained, and the facts surrounding the car search were never developed. Thus, although he raised it in his written motion to suppress, Dotson relinquished the right to attack the search of his car in open court. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 538 N.E.3d 860, ¶ 20 (waiver is the intentional relinquishment of a known right).

{¶11} Dotson, having waived the issue of the car search at the hearing, cannot later protest that the contraband found in the car was the fruit of the

4

poisonous tress. It is unclear if the officers used the straw as the basis to search Dotson's car, or whether there were independent grounds to justify the car search. For example, the 9-1-1 call reporting vehicle tampering combined with the officers' investigation might have provided probable cause to search the car. Since the state was not on notice that it had to justify the car search, the record was never developed in this regard. *See Wallace*, 37 Ohio St.3d at 218, 524 N.E.2d 889 (holding that the defendant must specify the grounds for challenging a warrantless search or seizure so that the prosecutor may prepare his or her case accordingly). Moreover, Dotson may have consented to the search of his car. Defense counsel's objection prevents us from knowing. Had there been a finding that Dotson consented, the question before us would most likely be whether Dotson's consent to the car search was voluntary, or whether it was tainted by the illegal seizure of the straw. *See Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

{¶12} In sum, the facts surrounding the car search were never developed. Dotson bears the burden of showing error on appeal by reference to matters in the record, *State v. Skaggs*, 53 Ohio St.2d 162, 163, 372 N.E.2d 1355 (1978). Because he waived the issue, he is unable to do so.

{¶13} ***Ineffective Assistance of Counsel.*** Anticipating our holding above, Dotson next contends that counsel was ineffective for waiving the issue of whether the car search and subsequent seizure of evidence was constitutional. To prove ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). Prejudice results when there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different. *Strickland* at 694; *Bradley* at 142. On the record before us, we cannot say that counsel was deficient, or that any deficiency was outcome-determinative. Since the issue was waived, and the record undeveloped, it is not possible to determine whether there were grounds to suppress the contraband found in Dotson's car.

{¶14} Dotson's sole assignment of error is overruled. The trial court's judgment is affirmed.

*Judgment affirmed.*

**MYERS, P.J.,** and **DETERS, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.