[Cite as *State v. Jackson*, 2021-Ohio-517.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-190676 |
| | | TRIAL NO. B-1901479 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| JACKIE JACKSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  February 26, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *H. Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Sarah E. Nelson*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1}   Following no-contest pleas, defendant-appellant Jackie Jackson was convicted of one count of having weapons while under a disability under R.C. 2923.13(A)(2), one count of carrying concealed weapons under R.C. 2923.12(A)(2), and one count of improperly handling firearms in a motor vehicle under R.C. 2923.16(B).   He now appeals, and in his sole assignment of error, he contends that the trial court erred in overruling his motion to suppress evidence found in his car. He argues that (1) the police did not have a reasonable and articulable suspicion to stop his vehicle, (2) there was not reasonable suspicion or concern for officer safety to justify removing Jackson from his vehicle or searching his vehicle, and (3) the plain-view exception to the warrant requirement did not apply.   We find no merit in his arguments, and we affirm his convictions.

{¶2}   The only evidence presented at the hearing on the motion to suppress was the video footage from three police officers' body cameras.   It shows that on March 19, 2019, Cincinnati police officers stopped Jackson's car for a window-tint violation.   Two officers approached the driver's side of the vehicle.   Jackson was the only occupant, and the driver's side window was open.   One of the officers asked Jackson to turn off his car so that he would not drive away.   Jackson questioned the reason for the stop and protested that he would not drive away.   The officer explained that Jackson was pulled over for a window-tint violation, and Jackson seemed surprised. The windows were never tested because none of the officers had a window-tint meter.

{¶3}   The officers asked Jackson for his identification.   Jackson did not attempt to get his identification right away, but instead continued doing something

with his cell phone. He later said that he was turning on his camera so he could record his interactions with the police. He also questioned why so many officers had responded to a window-tint violation.

{¶4} The officer who first approached the car told Jackson that if he did not give them his identification, they would get him out of the car. The officer then opened Jackson's door and demanded that he step out of the vehicle. When Jackson got out of the car, he had a can of Red Bull in his hand. The officer took it from him and set it on the windshield.

{¶5} Another officer tugged at Jackson's clothing from behind to move him to the rear of his car. The officers instructed Jackson to put his hands on his head, and they patted him down for weapons. They explained to him why it was important for him to produce his identification immediately when asked. Jackson produced his identification and explained that his insurance information was on his cell phone.

{¶6} The officer who opened the driver's side door did not close it after Jackson got out of the vehicle. He reached into the vehicle twice, first to remove the keys from the ignition, and second, to put the can of Red Bull into a cup holder. Nothing incriminating was visible at that time.

{¶7} When the first officer walked away from the car, another officer approached the driver's side of the car while the door was still open, and began looking inside with a flashlight. The officer saw the marijuana cigarette sitting on the floor on the side of the driver's seat. The discovery of the marijuana cigarette prompted a full search of the vehicle. Police found a bin full of clothing in the back seat. Inside the bin, the police found a handgun, and they also found small amounts of marijuana in the pockets of the clothing.

{¶8} Appellate review of a motion to suppress presents a mixed question of law and fact. We must accept the trial court's findings of fact as true if competent, credible evidence supports them. But we must independently determine whether the facts satisfy the applicable legal standard. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8; *State v. Houston*, 1st Dist. Hamilton No. C-190598, 2020-Ohio-5421, ¶ 56. Because the trial court made no findings of fact in this case, we directly examine the record to determine whether there was sufficient evidence to show that the trial court's decision was supported by the record and legally justified. *See State v. Shield*, 1st Dist. Hamilton No. C-100362, 2011-Ohio-1912, ¶ 9.

{¶9} First, Jackson takes issue with the stop of his vehicle, but Jackson waived the issue at the hearing on the motion to suppress. Jackson's counsel stated, "Mr. Jackson questioned why he was pulled over for the window tint, and it was interesting that there was a lot of conversation if anyone had a meter, whether it was probable cause. But I'm not questioning the stop. Officers are allowed to make, you know, reasonable mistakes."

{¶10} Waiver is the "intentional relinquishment or abandonment of a known right." *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20. Although Jackson raised the issue in his motion to suppress, he relinquished his right to challenge the stop in open court. *See State v. Dotson*, 1st Dist. Hamilton No. C-170214, 2018-Ohio-499, ¶ 10. Further, because he abandoned the issue, he is precluded from raising it now, even under a plain-error analysis. *See State v. Ulmer*, 1st Dist. Hamilton Nos. C-190304, C-190305 and C-190306, 2020-Ohio-4689, ¶ 15.

{¶11} Next, Jackson argues that the police officer's order for him to get out of his vehicle violated his Fourth Amendment rights. In *State v. Evans*, 67 Ohio St.3d

4

405, 618 N.E.2d 162 (1993), the Ohio Supreme Court followed *Pennsylvania v. Mimms*, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977), and held that a police officer may order a motorist to get out of a car that has been properly stopped for a traffic violation, even without a suspicion of criminal activity. The court referred to this type of order as a *Mimms* order. *Evans* at 407-408. "[T]he order to step out of the vehicle is not a stop separate and distinct from the original traffic stop. It is so minimal and insignificant an intrusion that the *Mimms* court refused to apply the requirements of an investigatory stop." *Id.* at 408.

{¶12} Though the Ohio Supreme Court modified *Evans* on other grounds in *State v. Lozada*, 92 Ohio St.3d 74, 748 N.E.2d 520 (2001), it did not change that rule. Further, this court has held that where a police officer had lawfully stopped a driver for a window-tint violation, he could properly order the driver to get out of his van. *See State v. Leonard*, 1st Dist. Hamilton No. C-060595, 2007-Ohio-3312, ¶ 16. Consequently, Jackson's Fourth Amendment rights were not violated when the officers ordered him to get out of the car. *See Houston*, 1st Dist. Hamilton No. C-190598, 2020-Ohio-5421, at ¶ 64; *State v. Emmons*, 1st Dist. Hamilton No. C-150636, 2016-Ohio-5384, ¶ 14.

{¶13} Jackson contends that the pat-down search of his person was improper. We need not address that issue because no evidence was discovered as a result of that pat-down. Further, it was not part of the chain of events that led to the search of the car. *See State v. Comp*, 2014-Ohio-329, 24 N.E.3d 601, ¶ 17-21 (5th Dist.).

{¶14} Finally, Jackson contends that the search of the car was not justified by the plain-view exception to the warrant requirement. The warrantless seizure by a law enforcement officer of an object in plain view does not violate the Fourth

5

Amendment if (1) the officer did not violate the Fourth Amendment in arriving at the place from which the object could be plainly viewed, (2) the discovery of the evidence was inadvertent, and (3) its incriminating nature was immediately apparent. *State v. Williams*, 55 Ohio St.2d 82, 377 N.E.2d 1013 (1978), paragraph one of the syllabus; *State v. Mitchem*, 1st Dist. Hamilton No. C-130351, 2014-Ohio-2366, ¶ 10.

{¶15} The thrust of Jackson's argument is that the police were not lawfully in a place they were permitted to be because they had improperly ordered Jackson out of his car. But, that argument is incorrect since the police officer's order to Jackson to get out of the car did not violate his Fourth Amendment rights.

{¶16} The video shows that the officer who found the marijuana cigarette just walked up to the car and looked in. The cigarette was plainly visible, and its incriminating nature was readily apparent. *See State v. Wilson*, 1st Dist. Hamilton No. C-170408, 2018-Ohio-2377, ¶ 12; *Mitchem* at ¶ 11-12.

{¶17} Jackson contends the plain-view exception might apply if he had left his car door open upon voluntarily exiting from the vehicle. He argues that because the police ordered him out of the car and the police officers left the car door open, the marijuana cigarette was not in plain view. We find that to be a distinction without a difference. Because the police officers were legally in a place where they could see the marijuana cigarette in plain view, no Fourth Amendment violation occurred. *See State v. Johnson*, 2d Dist. Montgomery No. 23781, 2010-Ohio-5387, ¶ 8; *State v. Clark*, 8th Dist. Cuyahoga No. 83480, 2005-Ohio-1160, ¶ 14.

{¶18} Once the police officers saw the marijuana cigarette, they had probable cause to believe that the car contained contraband, and they were justified in conducting a warrantless search of the car under the automobile exception to the warrant requirement. *See Houston*, 1st Dist. Hamilton No. C-190598, 2020-Ohio-

6

5421, at ¶ 66; *Wilson* at ¶ 11. They also had probable cause to believe the containers inside the car contained contraband, justifying the search of the bins in the back seat. *See Wyoming v. Houghton*, 526 U.S. 295, 302, 119 S.Ct. 1297, 143 L.Ed.2d 408 (1999); *In re L.S.*, 1st Dist. Hamilton No. C-150526, 2016-Ohio-5582, ¶ 15.

{¶19} Consequently, we hold that the trial court did not err in overruling Jackson's motion to suppress. We overrule his sole assignment of error and we affirm the trial court's judgment.

Judgment affirmed.

**BERGERON, P.J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its own entry this date.